# Griesmer v. Hill, Appellant.

*Replevin—Practice, C. P.—Affidavit of defense—Judgment by default—Act of April 19, 1901, P. L. 88—Return day.*

The provision of the replevin Act of April 19, 1901, sec. 4, P. L. 88, to the effect that the defendant shall within fifteen days after the filing of the declaration, file an affidavit of defense, is mandatory, and if an affidavit of defense is not filed, judgment may be entered against the defendant for the default after the expiration of the fifteen days, and this may be done although no return day has intervened.

Argued March 4, 1908. Appeal, No. 30, Jan. T., 1908, by defendant, from order of C. P. Luzerne Co., Oct. T., 1906, No. 321, discharging rule to strike off judgment in case of Jacob Griesmer v. James Lewis Hill and James C. Hill. Before RICE, P. J., PORTER, HENDERSON, HEAD and BEAVER, JJ. Affirmed.

Rule to strike off judgment.

FERRIS, J., filed the following opinion:

On July 6, 1906, the plaintiff sued out a writ of replevin, returnable on the second Monday of September, 1906, for certain chattels alleged to be in the possession of the defendants. On the same day he filed his declaration verified by his affidavit. On the next day, July 7, the writ was served on the defendants, as was also a copy of the plaintiff's declaration. On July 24, 1906 (more than fifteen days after said service, but before the

return day of the writ), judgment was entered against the defendant on præcipe of the plaintiff's attorney for want of an affidavit of defense.

It is now sought to have this judgment stricken off as having been entered prematurely and without authority of law.

The replevin Act of April 19, 1901, P. L. 88, provides as follows (sec. 4): "The plaintiff in such action shall file a declaration, verified by oath, etc. . . ." "The defendant or party intervening may enter a rule upon plaintiff to file such declaration within fifteen days, and the plaintiff failing to do so a judgment of non pros. shall be entered, etc. . . . (sec. 5)." "The defendant or party intervening shall, within fifteen days after the filing of such declaration, file an affidavit of defense thereto, etc., . . . and in the event of his failure so to do, upon proof that a copy of said declaration was served upon him or his attorney, judgment may be entered for the plaintiff and against the defendant or party intervening," etc.

The action of replevin is an action ex delicto. Prior to the passage of the act of 1901 no affidavit of defense was required to be filed in such a proceeding. It is quite as clearly within the constitutional power·of the legislature to require it and regulate the procedure concerning it in the action of replevin as in that of assumpsit. The language of the statute is plain. "The defendant or party intervening shall, within fifteen days after the filing of such declaration, file an affidavit of defense thereto." This provision is mandatory, and not directory merely. It means just what it says. The word "shall" means "shall," and the phrase "within fifteen days after the filing of such declaration" means precisely what those words import, and does not mean that the defendant shall have the right to file his affidavit at any time after the expiration of the fifteen days up to the return day of the replevin writ. "Within fifteen days after the filing of the declaration the defendant must file an affidavit of defense," etc. Per HENDERSON, J., in Drumgoole v. Lyle, 30 Pa. Superior Ct. 463 (467). He not only may but "must." If he fail to do this he is in default and judgment may be entered against him. But the plaintiff on his part must not sleep upon his rights. He must enter judgment

while the default continues, if at all. If the affidavit be filed after the period limited by statute, judgment cannot afterwards be entered for a previous default which no longer exists: Bordentown Banking Co. v. Restein, 214 Pa. 30, and cases there cited.

If, therefore, as argued by the defendants' counsel no judgment for want of an affidavit could be taken until after the return day of the writ (which might be months after the expiration of the fifteen days) a defendant might, with impunity, ignore the mandate of the statute and delay filing his affidavit until the return day of the replevin writ. To hold that this could be done would be, in effect, to read into the act something which is not there, viz.: a proviso that whenever the fifteenth day period shall expire before the return day of the writ, the time for filing the affidavit of defense shall be extended to that day. This, we think, the courts have no right to do. It would be legislation, not construction. Neither can we say that because in the procedure act of 1887 the legislature expressly extended the period for filing the affidavit to the return day in the action of assumpsit, it must, therefore, be presumed that they intended, but inadvertently omitted, to do so in the replevin act of 1901. On the contrary, the very section of the act under consideration (sec. 5) shows that the subject of the return day of the writ was in the legislative mind. Moreover, it would seem that the return day was by no means regarded as a matter of vital importance, since failure of the defendant to appear on or before that day is not made cause for a judgment by default, but merely entitles the plaintiff to enter a common appearance for him and proceed in the cause as in other cases. It would seem as though the legislature intended rather to emphasize the importance of certain other points of time, and certain other required action by the defendant, than the formal entry of appearance at or before the return day of the writ. These other points of time are fixed as those at which the real appearance of the defendant to the action is to be made. If he would prevent a delivery of the goods to the plaintiff he must (appear and) file a counter bond within seventy-two hours after such goods have been replevied. If he would prevent judgment by default he must (appear and) file his affidavit of

72     GRIESMER *v.* HILL, Appellant.

Opinion of Court below—Opinion of the Court. [36 Pa. Superior Ct.

defense within fifteen days after the plaintiff has filed his declaration and served a copy of it. The evident purpose of the lawmakers was to speed the cause.

Nor is the entry of judgment before the return day without precedent. It may be regarded as well settled, for example, that under the act of 1836, a rule of reference may be entered and pursued to award and judgment thereon before the return day of the writ: Fehr v. Reich, 36 Pa. 472.

In the case at bar, the plaintiff seems to have proceeded in strict accordance with the provisions of the act of 1901, and, there appearing no irregularity on the face of the record, the rule to strike off is, therefore, discharged.

*Error assigned* was the order of the court.

*James L. Lenahan,* with him *Andrew Hourigan,* for appellant.

*R. Laura Cannon,* for appellee.

PER CURIAM, April 20, 1908:

The question raised by this appeal was well worthy of consideration. It has received such consideration in the opinion filed by the learned judge below, and while there is much plausibility in the argument presented by appellant's counsel in support of their position, we are nevertheless led to conclude that the court below properly construed the statute as entitling the plaintiff to a judgment at the time it was entered. The reasons for this conclusion are fully and clearly set forth in the opinion of the learned judge, in which we concur.

The judgment is affirmed.