## Benner v. Underkoffler

*Homer L. Kreider*, for plaintiff.
*James E. Snyder*, for defendant.

HARGEST, P. J., April 26, 1937.—This is a proceeding in replevin. Plaintiff filed his declaration on January 26, 1937. Thereupon defendant presented a petition, upon which a rule was granted, for a more specific declaration as to plaintiff's claim for damages for wrongful detention. Plaintiff thereupon filed a demurrer to the petition for a more specific declaration, on the ground that there is no authority for such a pleading under the Replevin Act of April 19, 1901, P. L. 88.

It is clear that this demurrer must be sustained. The Replevin Act of 1901 prescribes what the pleadings in replevin shall be, and the legislature was presumed to know of the existence of the Replevin Act when the Practice Act of May 14, 1915, P. L. 483, was passed. The legislature chose to limit the Practice Act to actions of assumpsit and trespass, even excepting out of such actions libel and slander. It therefore follows that the Replevin Act constitutes a complete code of procedure in itself: Commonwealth Finance Corp. v. Kramer, 273 Pa. 528; see also Woodward on Replevin, page 166, sec. 86.

The Replevin Act is mandatory. It requires the filing of an affidavit of defense, and if such affidavit of defense is not filed a judgment may be entered against defendant: Griesmer v. Hill, 36 Pa. Superior Ct. 69; Bloomingdale et al. v. Levy et al., 25 Schuyl. L. R. 132.

In Deidrick v. Russell & Co. et al., 72 Pitts. 526, it is held: "An affidavit of defense in the nature of a demurrer under the Practice Act of 1915 has no place in replevin."

In certain cases a common-law demurrer may be proper: Woodward on Replevin, sec. 115. Since the Replevin Act makes no provision for a petition for a rule for a more specific declaration and the Practice Act of 1915 does not apply, it follows that such a petition is improper pleading. The demurrer to it must be sustained.

Now, April 26, 1937, the demurrer to the petition for a rule for a more specific declaration is hereby sustained and the said petition is hereby dismissed and the rule granted thereon discharged. Defendant is hereby ordered to file an affidavit of defense to the merits within 10 days.