## Spinelli et ux. *v.* Costello, Appellant.

*Judgment—Default—Failure to serve copy of affidavit of defense —Discretion of court—Pleadings.*

A judgment by default because of failure to serve copy of affidavit of defense on plaintiff or his counsel as required by rule of court, will ordinarily be relieved against; but, where the pleadings fail to suggest any defense on the merits, the appellate court cannot say that the lower court abused its discretion in entering the judgment.

Argued May 11, 1921. Appeals, Nos. 434 and 435, Jan. T., 1921, by defendant, from judgment of C. P. No. 2, Phila. Co., Dec. T., 1920, No. 1297, by default for failure to serve copy of affidavit of defense, in case of Carmine Spinelli and Maria Anna Spinelli, his wife, v. Unity A. Costello, Administratrix c. t. a. of Thomas J. Costello, deceased, and Unity A. Costello, surviving spouse and sole devisee under will of Thomas J. Costello, deceased. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Assumpsit for money had and received. Before ROGERS, J. See 30 Pa. D. R. 412.

The opinion of the Supreme Court states the case.

The court entered judgment for plaintiff by default for failure to serve copy of affidavit of defense. Defendant appealed.

*Error assigned,* among others, was judgment, quoting it.

*Earl W. Thompson,* with him *William J. Hughes, Harvey McCourt* and *Frank A. McManus,* for appellant.

*Frederick A. Sobernheimer,* for appellees.

PER CURIAM, July 1, 1921:

Plaintiffs sued to recover $2,400 alleged to be due them by defendant as administratrix c. t. a., and as surviving spouse and sole devisee, under the will of Thomas J. Costello, deceased.

Defendant filed an affidavit of defense; but plaintiffs asked for judgment in their favor because of the failure to serve a copy of the affidavit on them, or their counsel, as required by a rule of the court below; judgment was entered as prayed for, and this appeal followed.

The rule in question provides: "A copy of the affidavit of defense shall be served on the plaintiff or his attorney within forty-eight hours after it is filed; otherwise the plaintiff may take a rule for judgment, supported by an affidavit that a copy of the affidavit of defense has not been served as required by this rule."

While the judgment was entered for a default which ordinarily would be relieved against, yet, since the pleadings fail to suggest any defense on the merits, we cannot say that the court below abused its discretion in the premises.

The judgment is affirmed.