## Mittin Brothers *v.* Bass et al., Appellants.

*Practice, municipal court—Judgment by default—Statement of claim—Sufficiency.*

The construction of a rule of the municipal court is within the discretion of the court, and the appellate courts will not hold such construction to be erroneous, unless error is clearly manifest.

Where judgment has been entered by default, the Superior Court will not reverse the action of the lower court in refusing to strike off the judgment, where the statement of claim, although ambiguous, is sufficient to sustain the action.

Argued December 9, 1924. Appeal, No. 279, Oct. T., 1924, by defendants, from judgment of the Municipal Court of Philadelphia, June T., 1924, No. 1285, discharging rule to strike off judgment in the case of Albert Mittin and Israel Mittin, trading as Mittin Brothers, v. Anna Bass and Sam Bass and A. Grabois, also known as A. Grayboys. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit on book account. Before CRANE, J.

Rule to strike off judgment.

The facts are stated in the opinion of the Superior Court.

The court discharged the rule. Defendant appealed.

*Error assigned* was the decree of the court.

*Joseph Gross,* and with him *Harry Balis,* for appellant.

*Oscar Rosenbaum,* for appellee.

OPINION BY PORTER, J., February 27, 1925:

This is an action of assumpsit to recover for lumber, alleged to have been sold to the defendants, delivered to

a building operation and there received by the defendants. The docket entries, as printed by appellants, indicated that the plaintiffs' statement of claim was filed on June 28, 1924, and the summons issued the same day. The sheriff served the summons on all of the defendants on July 1st. Separate affidavits were filed averring that the statement had been served on each of the defendants on July 1, 1924. No affidavit of defense having been filed judgment was entered against the defendants for want of an affidavit of defense on July 17, 1924. There the matter rested for over a month when, on August 21, 1924, the defendants took a rule to strike off the judgment upon two grounds: (1) That the record did not show a proper service of the statement of claim filed, and (2) That the statement of claim was insufficient to show a right to maintain an action against the defendants jointly, which rule the court below, after a hearing, discharged. The defendants appeal and assign for error the refusal of the court to strike off the judgment.

Whether the record showed a proper service of the statement of claim, on the several defendants in the case, involved the construction of a rule of the municipal court. The defendants have not printed that rule in their paper-book. The court was vested with discretion in the construction of its rules and the appellate court will not hold such construction to be erroneous unless error is clearly manifest. We are not convinced that the court below was in the present case guilty of an abuse of discretion in the construction of its rule.

The statement of claim in this case was certainly not a masterpiece of pleading. It mingled with the averment of material facts recitals of the evidence intended to be produced to support those averments, and utterly failed to state the facts in chronological order. Had the defendants, before the judgment was entered, taken a rule requiring the plaintiff to file a more specific statement, the court below in all probability would have

required this to be done.   The judgment having been entered, however, our duty is to inquire whether the statement contains averments of fact necessary to sustain the action.   The statement, while ambiguous, is capable of the construction that Anna Bass and Sam Bass were the record owners of the premises upon which the building operation was carried on; that Sam Bass had joined in the undertaking; that Anna Bass had authority to represent Sam Bass in making the necessary contracts and that Anna Bass and A. Grabois, acting for all the defendants, had made an oral contract with the plaintiffs for the purchase and delivery of the lumber in question to the building operation, and that the lumber was "delivered to the defendants at the special instance and oral request of the defendants, who received said articles, at Nos. 936, 938 and 940 N. Marshall St., Philadelphia."   The statement further averred that the defendants had orally agreed to pay the prices charged for the lumber.   It is true these material averments, in separate paragraphs, are mingled with other paragraphs, some of which set forth what Sam Bass did, others what Anna Bass did and still others what Anna Bass and A. Grabois did, but it cannot be said that the statement fails to aver all the facts necessary to sustain a joint action against the parties.   We are not convinced that the court erred in refusing to strike off the judgment.

The order of the court below is affirmed and the appeal dismissed at cost of the appellants.