## Nicholson *v.* Schaffer, Appellant.

Argued November 21, 1927.

Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.

*John L. Dubois,* for appellant: The Practice Act of 1915 requires that the affidavit of defense be served

upon either the plaintiff or his counsel, but there is no authority conferred upon the court to enter judgment for want of service of the affidavit of defense: Spinelli v. Costello, 271 Pa. 204.

No appearance and no printed brief for appellee.

OPINION BY PORTER, P. J., July 12, 1928:

The plaintiff averred in his statement that: "In the spring of 1925 plaintiff and defendant entered into a verbal lease, whereby plaintiff leased to the defendant a certain farm ...... at $30 per month in advance for a period until defendant should have removed his crops and surrendered possession." The statement further averred that the defendant had remained in possession of the premises until the latter part of November, 1925, and had paid rent until August 25, 1925, and that there was due from the defendant to the plaintiff the rent of the farm for three months. The defendant, within fifteen days after the statement was served upon him, filed an affidavit of defense averring that under the covenants of the verbal lease in question the rent was fixed at "$30 per month, to be paid until the defendant removed from the premises and said defendant to have the privilege of harvesting the corn crop, when after said defendant's removal, the corn crop might be ready for harvesting." The affidavit of defense sufficiently averred that the defendant removed from the premises on September 1st and had subsequently removed his corn crop in accordance with the provisions of the lease, and that he had paid to plaintiff all the rent due under the agreement, to wit, for the months of June, July, August and September, 1925. There was no copy of this affidavit of defense served upon plaintiff, or his attorney, by the defendant, or his attorney.

The plaintiff presented a petition to the court below setting forth that the defendant had, on the 29th day

of June, 1926, filed an affidavit of defense but did not serve the same upon the plaintiff, or his attorney, and upon this ground, alone, prayed that the court strike off said affidavit of defense from the record and enter judgment for the plaintiff for the amount claimed in the statement. The learned judge of the court below filed a brief opinion stating that it was conceded by counsel for the defendant that he had failed to serve a copy of the affidavit of defense upon the plaintiff, or his attorney, and, while refusing to strike off the affidavit of defense, the court made the following order, viz: "And, now, to wit, December 13, 1926, judgment is entered for the plaintiff for want of an affidavit of defense, the prothonotary to assess the damages." Judgment was accordingly entered against the defendant in pursuance of this order. The defendant assigns for error the making of the order quoted and the entry of judgment against him.

The Practice Act provides that the affidavit of defense shall be served upon plaintiff, or his counsel, but it does not expressly confer upon the courts authority to enter judgment against a defendant for the mere failure to comply with this provision. It is clear that if the affidavit of defense contains an allegation of set-off the defendant is not entitled to move for judgment against the plaintiff for the set-off so alleged, when he has failed to serve upon the plaintiff a copy of his affidavit of defense. But there is here no allegation of set-off. There was no rule of the court below providing for entry of judgment against a defendant for failure to serve a copy of his affidavit of defense upon plaintiff, and, in that respect, this case differs from the facts dealt with by the Supreme Court in Spinelli v. Costello, 271 Pa. 204. In the case cited it was held that: "While the judgment was entered for a default which ordinarily would be relieved against, yet, since the pleadings fail to suggest any

defense on the merits, we cannot say that the court below abused its discretion in the premises." In the case with which we are now dealing the affidavit of defense clearly set forth a complete defense on the merits, and, for that reason, the assignment of error is sustained.

The judgment is reversed and the record remitted with a procedendo.