Sporkin *v.* MacBride, Appellant.

Argued October 18, 1928.

Before HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.

*Samuel J. Gottesfeld,* and with him, *Joseph J. Fischer* and *Reuben E. Cohen,* for appellant.—The municipal court had no jurisdiction to dismiss the appeal for impropriety in form of notice: Nicholson v. Schaffer, 94 Pa. Superior Ct. 318. Plaintiff's appearance cured any possible error in notice of appeal: 3 C. J. 1250, Sec. 1363; 3 C. J. 1241, Sec. 1345.

*James K. Lenahan,* for appellee.

OPINION BY TREXLER, J., December 14, 1928:

On May 29, 1928, defendant filed his appeal from the judgment of a magistrate in Philadelphia. On June 12th following, the attorney for the plaintiff entered a general appearance and presented a petition to show cause why the appeal should not be stricken off, alleging that no notice of the filing of the appeal

was sent to him or to the plaintiff within 72 hours as required by the rules of the Municipal Court, nor received by him or his client. The defendant filed an answer in which he alleged that he had sent a notice by his attorney by regular mail to plaintiff's attorney and a copy of the letter bearing the same date as the entry of the appeal is attached to the answer and he further alleged that said notice was received by the plaintiff's attorney.

No depositions were taken and we may assume that the statements contained in defendant's answer are true and that plaintiff received notice of the appeal by mail. The judge to whom the petition was presented struck off the appeal for the reason that Rule 23a of the Municipal Court requiring as above stated "that the party filing an appeal from the judgment of a magistrate, shall, within 72 hours thereof, serve a written notice to the adverse party or his attorney of the term and number to which the appeal is filed," had not been complied with and that Rule 93 of the Court of Common Pleas of Philadelphia which had been duly adopted by the Municipal Court provides that all notices must be served in the manner provided by law for the service of summons or if the said service cannot be had, by registered letter. We need not speculate as to the purpose of Rule 23a, but it seems harsh to say that when a failure to serve notice of the appeal in 72 hours appears that the defendant's appeal may be stricken from the record. The rule of court provides no such penalty for a departure from its demands and such penalty not being provided for, the striking off of the judgment seems to be unauthorized. Nicholson v. Schaffer, 94 Pa. Superior Ct. 318.

Even if this conclusion were not correct, the striking off of the judgment was wrong for the reason that plaintiff's attorney entered a general appearance and thereby waived the irregularities of service. Mere irregularities in the proceedings are cured by a general

74

appearance. Sherer v. The Easton Bank, 33 Pa. 134; Kane & E. R. R. Co. v. Pittsburgh & W. R. R. Co., 241 Pa. 608; MacGeorge v. Chemical Mfg. Co., 141 Pa. 575; Dewart v. Purdy, 29 Pa. 113. Counsel for plaintiff states that by rule of court appearances de bene esse are not allowed in Philadelphia County. This is not an answer to the proposition for a party may object to defects in the process before appearance. Pain's Pyro-Spectacle Co. v. Lincoln Park & Steamboat Cons. Co., 6 D. R. 93. By way of analogy we may observe that formerly appearances de bene esse were not allowed in equity, nevertheless, a party could object to some formal defect but not after a general appearance. Taylor v. McCafferty, 27 Pa. Superior Ct. 122; Kane & E. R. R. Co. v. Pittsburgh & W. R. R. Co., supra.

We conclude that the striking off of the appeal was unauthorized. The assignments are sustained. The order of court striking off the appeal is reversed and the record remanded to the end that the appeal may be reinstated.