Schenck v. Goodman, Appellant.

Argued October 16, 1929.  Before

PORTER, P. J., TREXLER, KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*Frank R. Ambler,* and with him *Harry S. Ambler, Jr.,* for appellant.

*M. H. Goldstein,* for appellee.

OPINION BY KELLER, J., January 29, 1930:

This case raises the question whether an appeal from the judgment of a magistrate duly filed in the municipal court should be stricken off because the notice of the term and number to which it was filed, required by its rule of court, was sent the attorney for the adverse party by ordinary mail, instead of being served in the manner provided by law for the service of a summons, or by registered mail.

The rule referred to, No. 23-a, provides as follows: "The party filing an appeal from the judgment of a magistrate shall, within 72 hours thereafter, serve a written notice to the adverse party, or his attorney, of the term and number to which the appeal is filed, and the pleading and procedure shall thereafter be the same as in like cases commenced in the municipal court."

The same question came before us in Sporkin v. MacBride, 95 Pa. Superior Ct. 71, where speaking through our Brother Trexler, we said: "The rule of court provides no such penalty for a departure from its demands and such penalty not being provided for, the striking off of the judgment seems unauthorized, Nicholson v. Schaffer, 94 Pa. Superior Ct. 318." It is true that in that case a general appearance had been entered by the party moving to strike off the appeal, which is not the case here; but our decision, reversing the action of the court below, was based on both grounds.

The insistence of counsel for appellee has led us to consider the subject again, with the result that we find no breach of the rule justifying the action of the court below.

The rule does not say how notice shall be given the adverse party, or his attorney, beyond that it shall be in writing, nor what shall be the effect of a failure strictly to comply with its provisions. It would seem that if such a drastic penalty had been contemplated, as a final judgment in the case,—for, that is what striking off the appeal amounts to—the rules of court should have been specific both as to how service was to be made and the penalty that would follow the slightest infraction or neglect of the rule; but in both respects they are silent. We held in Nicholson v. Schaffer, supra, that the provision in the Practice Act of 1915, P. L. 483, that the defendant's affidavit of

defense shall be served on the plaintiff or his counsel (Sec. 12) did not carry with it a warrant to enter judgment against defendant if he filed a sufficient affidavit but failed to serve it as directed. It was a "default which ordinarily would be relieved against": Spinelli v. Costello, 271 Pa. 204, 205, and should not be so construed as finally to conclude a defendant with a meritorious case, and certainly not where the court had not adopted a rule specifically imposing such a penalty for its default. The punishment should "fit the crime." In recent years our Supreme Court has relaxed the stricter, more technical practice in force in earlier times.

The warrant for the action of the court below is sought to be found by reference to two other rules, one of its own and the other of the court of common pleas.

Rule 1 of the municipal court provides: "Except as herein provided, the rules of practice and procedure of the courts of common pleas of Philadelphia County shall govern." As appeals from magistrates' courts are not filed in the common pleas, there is no specific rule there governing the subject under discussion.

Rule 93 of the courts of common pleas provides: "Except where an Act of Assembly or rule of court otherwise directs, all notices, pleadings and papers required to be served on the adverse party shall be served on his attorney of record, if he has one, and, if not, then on the party himself, in the manner provided by law for the service of a summons; if he cannot be thus served, then by registered letter, or in actions begun by capias, by serving his bail to the sheriff, or special bail, if any."

A careful reading of this rule does not satisfy us, in the absence of a definite pronouncement on the subject by the courts of common pleas of Philadelphia County, whose rule it is, that the directions as to the

*manner of service* apply to any case except where there is no attorney of record and service must be made on the party himself. In the phrase after the semicolon, beginning "if he cannot be thus served, then by registered mail, or, in actions begun by capias, by serving his bail to the sheriff, or special bail, if any," we think it apparent that the pronoun, "he," refers to the party himself and not to his attorney of record; not only because of the context, referring to *his* bail to the sheriff, or special bail, in actions begun by capias, but also because service could always be had on the attorney of record either personally or at his office, and hence there would be no reason for providing for such a contingency with regard to him. If this is so, it follows that the phrase "in the manner provided by law for the service of a summons" is applicable only to service on the party himself, and that the rule does not attempt to prescribe the *manner* in which the attorney of record shall be served, provided only he is actually served.

The purpose of the rule is two-fold: (1) To provide that where there is an attorney of record all pleadings, notices and subsequent papers in the case shall be served on him, instead of on the party; (2) where no appearance has been entered, to provide how such papers shall be served on the party himself if he can be found in the jurisdiction, and if not so found, to authorize service of such subsequent papers by registered mail, etc.

The consequences of any other interpretation would be too onerous to be inflicted by inference. For "the manner provided by law for the service of a summons" is fixed by the Act of July 9, 1901, P. L. 614. It requires the writ to be served on a defendant by handing a true and attested copy thereof to him personally, or by handing a true and attested copy thereof to an adult member of his family at his dwelling house, or

to an adult member of the family with which he resides, or to the manager or clerk of the hotel, inn, apartment house, boarding-house, or other place of lodging at which he resides; and it is only if, upon inquiry, his place of residence in the county is not ascertained, or if for any cause an attempt to serve at his residence has failed, that service may be made *at his office or place of business,* by handing a true and attested copy to his agent, partner or the person for the time being in charge thereof. Surely it was not intended to provide that papers in the case could not be served at an attorney's office or place of business unless upon inquiry his residence in the county could not be ascertained, or an attempt to serve them at his residence had failed. Such a construction would run counter not only to common practice but to common sense, and yet that is what it comes to, if the phrase above referred to is applied to service on the attorney of record.

Service on the attorney by registered mail likewise could not be resorted to unless personal service, or service at his residence, and also service at his office were not possible.

The only requirement of the rule is that the attorney of record shall be served, that he shall receive notice. Registered mail is frequently resorted to because it furnishes proof of the receipt of the mailed notice, but it suffices if the notice is actually received, whether by ordinary or registered mail, in the absence of a direction to the contrary.

The plaintiff's petition was most evasive and indefinite. He did not aver that neither he nor his attorney had received notice of the filing of the appeal, but only that notice had not been served "in accordance with the rules of the municipal court." To the defendant's answer that notice had been sent by mail to plaintiff's attorney the day following the filing of the appeal, he

made no reply or denial and took no depositions to disprove it, or to show that it had not been received. The statutes of this Commonwealth have recognized in so many instances the regularity of the postal service that delivery of a letter duly mailed will be presumed in the absence of a specific denial of its receipt.

If we assume, as in the circumstances here present we must, that plaintiff's attorney received the written notice of the term and number in the municipal court to which the appeal was filed within 72 hours after its filing, the appellant complied with Rule 23-a, and the appeal should not have been stricken off.

The order is reversed, the appeal is reinstated, and a procedendo awarded.