## Karper v. Koser.

*Joseph P. McKeehan,* for plaintiff; *W. R. Johnston,* for defendant.

BIDDLE, JR., P. J., July 29, 1930.—The plaintiff brought an action of assumpsit against the defendant before S. H. Carothers, Esq., justice of the peace, and on March 18, 1930, the justice entered a judgment in favor of the plaintiff and against the defendant in the sum of $270 and costs. The defendant appealed from this judgment on March 26, 1930, and filed his appeal in this court on March 29, 1930, to the above number and term. Owing to the default of his attorney, notice of the filing of the appeal was not given as provided for by Rule 30 of the rules of court. On May 27th he presented a petition, setting out the above facts and asking for a rule on the plaintiff to show cause why he should not be given leave to give notice of the filing of the appeal *nunc pro tunc,* and a rule was then granted as prayed for, to which rule the plaintiff filed an answer, stating that no knowledge of the filing of the appeal was had by the plaintiff or his counsel until May 24, 1930, when they endeavored to have an execution issued on the judgment entered before the justice of the peace; and the plaintiff prayed the court to discharge the pending rule and to strike from the records of this court the appeal filed by the defendant. No depositions were taken by either side.

The rule of court involved, Rule 30, reads as follows:

"Rule 30. In all civil actions brought into court on appeal from magistrates, justices of the peace or aldermen, the appellant shall, within ten days, give written notice to the opposite party of the filing of the appeal, and proof of service thereof shall be filed of record. Within fifteen days after the service of notice, the plaintiff shall file a statement of his cause of action and serve a copy thereof, and thereafter the proceedings shall be the same as in actions originally brought in the common pleas."

It will be noticed that this rule provides no penalty for a failure on the part of the defendant to give the notice of the filing of the appeal required by the rule, and no such penalty is provided elsewhere.

The failure of defendant's counsel to give notice of the filing of the appeal is not excused by any sufficient reason, nor would it alone justify the court in relieving the defendant from any penalty that might be provided by the rules of court; but, as mentioned above, no penalty is provided. It is true that in a number of jurisdictions the courts of common pleas have, under conditions entirely similar to those disclosed in the instant case, stricken the appeal from the records, and in some instances, so far as the reports indicate, where the rules of court provided no penalty for this default on the part of the defendant: Specht *v.* Moyer, 10 D. & C. 311; Acor *v.* Acor, 7 Dist. R. 360.

In some other cases cited by the plaintiff, namely, those from Dauphin County (Soulliard v. Ochs, 29-A Dauphin, 467; Triangle Mfg. Co. v. Baker, 32 Dauphin, 349; Bloser v. Insurance Co., 33 Dauphin, 163; Everhard v. Reist, 33 Dauphin, 295), the rules of court specifically provided that in case of default in giving the required notice, the appeal should be stricken off; and, as will be seen, this difference in the rule makes an essential difference in the appropriate action of the court.

Irrespective of our own inclination in the matter, we feel that we must be controlled in the present case by the recent rulings of our appellate courts on this point. In the case of Schenck v. Goodman, 98 Pa. Superior Ct. 384, a similar question was presented, and in the opinion in that case the Superior Court said:

"The same question came before us in Sporkin v. MacBride, 95 Pa. Superior Ct. 71, where, speaking through our Brother Trexler, we said: 'The rule of court provides no such penalty for a departure from its demands, and, such penalty not being provided for, the striking off of the judgment seems unauthorized. Nicholson v. Schaffer, 94 Pa. Superior Ct. 318.' It is true that in that case a general appearance had been entered by the party moving to strike off the appeal, which is not the case here; but our decision, reversing the action of the court below, was based on both grounds. . . .

"The rule does not say how notice shall be given the adverse party, or his attorney, beyond that it shall be in writing, nor what shall be the effect of a failure strictly to comply with its provisions. It would seem that if such a drastic penalty had been contemplated, as a final judgment in the case—for, that is what striking off the appeal amounts to—the rules of court should have been specific both as to how service was to be made and the penalty that would follow the slightest infraction or neglect of the rule; but in both respects they are silent. . . . It was a 'default which ordinarily would be relieved against:' Spinelli v. Costello, 271 Pa. 204, 205, and should not be so construed as finally to conclude a defendant with a meritorious case, and certainly not where the court had not adopted a rule specifically imposing such a penalty for its default. The punishment should 'fit the crime.' In recent years our Supreme Court has relaxed the stricter, more technical practice in force in earlier times."

In view of this determination of the appellate court, we feel that we would not be justified in striking off the appeal, and that the default of the defendant in regard to notice should be relieved against. That default, however, should not go unpunished; and in our order providing for making absolute the rule we shall impose what seems to us an appropriate penalty for the default.

While the objection was not raised in the plaintiff's answer to the rule, it is suggested in the brief filed in behalf of the plaintiff that the petition was insufficient because the jurat accompanying the petition was not signed by the defendant as well as by the officer who administered the oath. This objection is not good: 2 C. J. 357; Burns v. Judge, 12 Luz. Leg. Reg. 425.

And now, July 29, 1930, it is directed that if within ten days from this date the defendant shall pay all the costs in the case which have accrued to this time, such payment to be irrecoverable irrespective of the final outcome of the case, then the pending rule to show cause why he should not be permitted to give notice of the filing of the appeal nunc pro tunc and to file proof of such notice of record is made absolute; otherwise, the rule will be discharged.

From Francis B. Sellers, Carlisle, Pa.