## Kelvinator Sales Company v. Har et al.

*H. F. Weigand,* for plaintiff; *H. R. Matten,* for defendants.

SHANAMAN, J., September 13, 1930.—Plaintiff replevied a "commercial unit or evaporator." The sheriff served defendant, W. M. Har, and finding Sunset Hotel Company, Inc., in possession, added it as defendant and served it with the writ. Plaintiff subsequently, on December 24, 1929, filed his declaration and served counsel for the Sunset Hotel Company with a copy thereof on December 27th. On February 8, 1930, plaintiff took judgment against Har and the Sunset Hotel Company for want of an affidavit of defense. At that time no proof of the service of the declaration had been filed. On Febru-

ary 11th, Sunset Hotel Company, defendant, filed an affidavit of defense, and on February 13th filed a motion to strike off the judgment. On February 21st, plaintiff filed proof of service of declaration upon the Sunset Hotel Company. Defendant offers only one reason to strike off the judgment, namely, that the record contained no proof of service at the time it was entered. Defendant contends that the subsequent filing of the proof of service could not correct this irregularity so as to save the judgment entered before filing, even though service had actually been made before the judgment was taken.

The Replevin Act of April 19, 1901, P. L. 88, section 5, provides: "The defendant or party intervening shall, within fifteen days after the filing of such declaration, file an affidavit of defense thereto, setting up the facts denying plaintiff's title and showing his own title to said goods and chattels; and in event of his failure so to do, upon proof that a copy of said declaration was served upon him or his attorney, judgment may be entered for the plaintiff and against the defendant or party intervening. . . ." The entry of judgment was, therefore, irregular because the statute only authorizes the entry of judgment "upon proof" and so forth. Does an actual service before judgment, proved, however, after judgment taken, save the judgment? "Judgment by default may be taken at any time after the commencement of a suit, when either party is in disregard of the provisions of a statutory rule:" Griesmer v. Hill, 225 Pa. 545, 548. But when such judgment depends on statutory authorization, its validity depends upon a faithful compliance with the statutory requirements by the party taking the judgment; he must not be asleep: Griesmer v. Hill, 36 Pa. Superior Ct. 69, 70. To support a judgment by default, the statutory requirements relative to issuance and service of citation must be strictly followed: Missouri Life Insurance Co. v. Rhyne (Texas), 276 S. W. 757. "Since the policy of the law is to have every litigated case tried upon its merits, judgments by default are not favored, and as such a judgment deprives defendant of substantial rights, it is lawful only when duly authorized:" 34 C. J. 147.

It is true that a merely irregular proof of service may be cured by amendment: Love v. National Liberty Insurance Co. (Ga.), 121 S. E. 648. "Since, however, the question of jurisdiction is dependent on the fact of service and not on the proof thereof, a return failing to show the necessary jurisdictional facts, although such facts really existed, may be amended so as to conform to the truth, not for the purpose of validating a void judgment, but to show that the judgment never was void:" 21 R. C. L. 1331. "The defective return might have been amended to conform to the facts and . . . such amendment when made would have related back so as to make the record complete and the judgment perfect:" Love v. National Liberty Insurance Co., supra, p. 651. The majority of cases hold, however, that where, as here, there was no return or proof of service filed at all, subsequent proof will not save the judgment. In the case of News Printing Co. v. Brunswick Publishing Co. (Ga.), 38 S. E. 333, the court said, at page 334: "Where there is upon the face of the record evidence showing prima facie that the defendant has been served . . . the return of service may be amended so as to show the authority of the person acknowledging service to sign the acknowledgment. . . . . But where there was . . . nothing whatever upon the face of the record showing that the person against whom the judgment was entered had, in any way, been served with process, the court . . . was without jurisdiction to enter the judgment, the same was void, and an amendment showing that the defendant was actually served would not have the effect of saving the judgment." In the case of Whirl v. Reiner, 200 N. W. 977, proofs of service had

been filed which, after judgment taken, were amended. The court set aside the judgment, saying, at page 978: "If parties are desirous of relying on and getting the benefit of the six months rule, they should see that the default is regularly entered. Unless the files show proper proof of service of process the default is irregular, though service has been actually and lawfully made. . . . . There is no question but defendant was personally and lawfully served, but the difficulty is the files of the court on the day of default lacked the proper proof of it." Even Love *v.* National Liberty Insurance Co., *supra*, went only so far as to say: "Where there has been valid service and no return, the deficiency may be supplied before taking further steps in the cause:" *Id.*, 651. In the present case, after the judgment was taken, several proceedings took place before plaintiff filed proof of service, to wit, defendant filed an affidavit of defense and a motion to strike off the judgment.

"No valid judgment by default can be taken when there is no return by the officer serving the writ, or when the return or other proof is so faulty or defective as not to show a legal service of the writ:" 33 C. J. 1094. "It will not avail plaintiff to show by proper proof, on a motion to open the default or set aside the judgment thereon for lack of proper service of the summons, that due service was actually made. It is the evidence of legal service which authorizes the default judgment, and it must be made at the time of its entry or not at all:" *Id.*, citing Reinhart *v.* Lugo (Calif.), 24 Pac. 1089. "An affidavit of the service of a copy of a declaration and notice of the rule to plead must be positive and sufficient at the time the default is entered thereon for not pleading, and it cannot be made good by a subsequent knowledge of the fact that the notice was received by defendant's attorney at the time:" 34 C. J. 187, note 99 [b], citing Doolittle *v.* Ward, 5 Johns (N. Y.), 359.

Finally, the affidavit of defense filed in the present case suggests a meritorious defense, and we see no reason not to enforce the ordinary principle that in such case a judgment by default will be relieved against: Spinelli *v.* Costello, 271 Pa. 204; Nicholson *v.* Schaffer, 94 Pa. Superior Ct. 318. We do not, however, rule upon the sufficiency of the affidavit.

And now, to wit, September 13, 1930, defendant Sunset Hotel Company's rule to strike off the judgment against it, entered to No. 560, January Term, 1930, J. D., is made absolute.     From Charles K. Derr, Reading, Pa.