## Moore v. Monarch Accident Insurance Company

*A. D. Knittle* and *J. L. Chainwell,* for plaintiff.
*George M. Roads* and *P. B. Roads,* for defendant.

KOCH, P. J., December 7, 1931.—The question to be decided is, shall a judgment taken for want of an affidavit of defense be stricken from the record if an affidavit of defense was actually filed but not noted on the appearance docket when the judgment was taken and plaintiff's counsel was not aware of the fact of such filing?

The plaintiff's statement of claim was filed June 16, 1931, and judgment was entered July 27, 1931, for want of an affidavit of defense. Service of the statement of claim was made June 19, 1931. The defendant is a foreign corporation. The plaintiff's counsel stated in his oral argument, and says also in his brief, that the defendant had filed an affidavit of defense on July 25, 1931, but that he, as plaintiff's counsel, was not aware of that fact when he moved in open court for judgment for want of an affidavit of defense on July 27th. He looked at the appearance docket before he made his motion and found no note thereon of the filing of the affidavit of defense. Such note was made later in the day after the judgment had been taken. The affidavit of defense had not been served on the plaintiff before the taking of judgment.

Although the Practice Act of May 14, 1915, P. L. 483, requires a defendant to file his affidavit of defense within fifteen days after service of the plaintiff's statement, the affidavit may be filed at any time before judgment is taken for default of such affidavit: Bordentown Banking Co. *v.* Restein, 214 Pa. 30; Fuel City Mfg. Co. *v.* Waynesburg Products Corp., 268 Pa. 441; Stankiewicz *v.* Heights Construction and Supply Co., 95 Pa. Superior Ct. 215.

As the judgment was taken for want of an affidavit of defense and as an affidavit of defense had been filed two days before judgment was taken, the entry of judgment was based upon an error of fact. Failure of the prothonotary to make note on the appearance docket that the affidavit of defense had been filed should not be prejudicial to the defendant. As already stated, the affidavit of defense was filed on Saturday, July 25th, and judgment was taken in the forenoon of Monday, July 27th. So it is barely possible that the prothonotary's clerical force was unable to do the clerical work of making an appropriate note on the appearance docket before the judgment was taken. The affidavit of defense may have been entered about the closing hour on Saturday and judgment may have been taken upon the opening of court on the following Monday. So we think the judgment was improperly taken and must be stricken from the record.

But the plaintiff insists that the judgment is good for want of service of the affidavit of defense as required by section twelve of the Practice Act of May 14,

1915, P. L. 483, 485, which says that a defendant shall file his affidavit of defense within fifteen days from the date when the statement was served upon him, and that the affidavit of defense shall be served upon the plaintiff or his attorney. However, the act fixes no penalty for want of service of an affidavit of defense. Paragraph five in our Rule of Court No. 37, which was adopted on October 5, 1914, says: "A copy of the affidavit of defense must be served on the plaintiff or his attorney within ten days after filing the same." The defendant, therefore, had eight additional days within which to serve his affidavit of defense before the judgment was taken.

It was held in Wright Wire Co. v. Levi, 28 Dist. R. 795, that an affidavit of defense must be served upon the plaintiff within fifteen days of the service of the statement. The court said: "The act must be construed to limit to the period of fifteen days the time in which defense may be effectively taken, and that includes both filing and service by copy." The same court held to a similar opinion in the case of Luzerne County National Bank v. Stout, 26 Dist. R. 1093. But our common pleas courts are not united on the subject. In Glover v. Errich, 30 Dist. R. 720, the defendant filed an affidavit of defense but neglected to serve a copy upon the plaintiff or his attorneys of record, and the court could not find any provision in the Practice Act of 1915 which authorized judgment for failure to serve an affidavit of defense. It could not be done in that court without a rule to authorize judgment for such default. The court held that the filing of an affidavit of defense without service was merely a nullity, and discharged the rule because it was grounded solely on the failure to serve the affidavit of defense. That court said, however, that the plaintiff would be entitled to judgment for want of an affidavit of defense, but as the rule was for judgment for want of service only, it was discharged.

In the case of Schilbe v. Purcell (one of our own cases), 14 Schuyl. L. Rec. 141, a rule was taken to show cause why judgment should not be entered for want of an affidavit of defense which was filed but not served on plaintiff or his attorney within fifteen days from the date when the statement was served upon the defendant. Part five of Rule No. 37 of this court provides that a copy of an affidavit of defense must be served on the plaintiff or his attorney within ten days after filing the same. So the rule for judgment was dismissed. In Titleman v. Timm, 18 Schuyl. L. Rec. 174, this court also held that judgment cannot be taken by default for failure to serve an affidavit of defense within the time fixed by the Practice Act; that neither the Practice Act nor our rule of court, by express words, authorizes the entry of judgment against a defendant for failure to serve his affidavit of defense. Again, in the case of Cedar Rapids Saving Bank v. Eisinger, 19 Schuyl. L. Rec. 261, this court held that the Practice Act of 1915 does not authorize judgment to be taken for want of service of an affidavit of defense. And last, in Seaman v. Mealey et al., 1 D. & C. 146, it was held here that the Practice Act contains no provisions for the entry of judgment for want of service of an affidavit of defense. Spinelli v. Costello, 30 Dist. R. 411 (affirmed 271 Pa. 204), was a rule for judgment for failure to serve a copy of an affidavit of defense. That is a Philadelphia case, where they have a rule that "a copy of the affidavit of defense shall be served on the plaintiff or his attorney within forty-eight hours after it is filed; otherwise, the plaintiff may take a rule for judgment, supported by an affidavit that no copy of the affidavit of defense had been served as required by this rule." Judgment was entered for want of service as required by the rule. The case was taken to the Supreme Court, and, in a per curiam opinion, the judgment of the court below was affirmed: 271 Pa. 204. There an affidavit of defense had been filed but had not been served as required by the rule. The Supreme Court said: "While the judgment was entered for a

default which ordinarily would be relieved against, yet, since the pleadings fail to suggest any defense on the merits, we cannot say that the court below abused its discretion in the premises."

We are of the opinion that judgment was mistakenly, if not improperly, entered in this case.

And now, December 7, 1931, the rule is made absolute and the judgment is stricken from the record.　　　　　　　　From M. M. Burke. Shenandoah, Pa.