## Konheim, etc., v. Pomeroy's, Inc.

*Louis Gordon*, for plaintiff.

*Metzger & Wickersham, Charles W. Matten, Harry R. Matten* and *Mark C. McQuillen*, for defendant.

HARGEST, P. J., October 29, 1934.—This matter comes before us upon a petition and rule thereon, to show cause why an appeal should not be stricken from the record. On May 11, 1934, the defendant filed an appeal from the judgment of Russell O. Ritchie, an alderman of the City of Harrisburg, in the sum of $138 and costs. The petition avers that the defendant did not give written notice of the filing of the appeal to the plaintiff or his attorney or agents.

Rule 52 of this court provides, inter alia:

"In all civil actions brought into Court on appeal from justices of the peace

or aldermen, the appellant, if he be the defendant, shall within five days give written notice to the opposite party of the filing of the appeal, and proof of service thereof shall be filed of record. . . . Upon failure to serve said notice and file the proof of such service of record . . . the appeal upon motion shall be stricken from the record."

The answer sets up a defense on the merits and a further defense to this rule that the appeal was taken by a member of the Berks County Bar unfamiliar with the rule, and that the omission to give notice caused no loss or delay, "because the matter was discussed between opposing counsel within 5 days after May 28, 1934, the return day." We have repeatedly held that the language of this rule is mandatory: Bloser v. The Homestead Fire Ins. Co., 33 Dauph. 163; Everhard v. Reist, 33 Dauph. 295; Triangle Mfg. Co., Inc., v. Baker, 32 Dauph. 349.

The fact that the appeal was taken by an attorney who is not a member of the bar of this court and was therefore unfamiliar with the rule, is not a good reason for refusing to strike off the appeal.

We must, however, keep in mind that the enforcement of the rule creates a summary judgment and that where the objects of the rule clearly appear to have been accomplished such judgment should not be entered.

In Evanoff v. Evanoff, 31 Dauph. 192, we said:

"The obvious purpose of this notice is to require an orderly procedure in this Court and to prevent snap judgments. We have enforced this rule by striking appeals from the record, and we do not mean to relax it where no notice has been given".

In that case, it was conceded that notice by letter had been given to the attorney for the opposite party and received by him, and we refused to strike off the appeal. We said in that case that if the fact of the receipt of the notice had been disputed the appeal would have been stricken off.

In Sporkin v. MacBride, 95 Pa. Superior Ct. 71, rules of the Municipal and Common Pleas Courts of Philadelphia, similar to our rule, were under consideration. The Philadelphia rules did not provide for striking off the judgment as our rule does. But the attorney for the plaintiff in that case had entered a general appearance and upon the ground that a general appearance cured mere irregularities in the proceeding the Superior Court held that striking off the appeal was unauthorized.

In Schenck v. Goodman, 98 Pa. Superior Ct. 384, the Superior Court held that notice to the adverse party's attorney, in writing, by ordinary mail, within the time fixed by the rule, was a sufficient compliance with the language of the rule, which required the appellant to "serve a written notice to the adverse party, or his attorney". In that case the Superior Court said that "in recent years our Supreme Court has relaxed the stricter, more technical practice in force in former times."

In the case at bar, there is a stipulation filed to the effect "that Louis Gordon, attorney for plaintiff, entered an appearance for the plaintiff on the docket. The date when this was done is not remembered." We think this brings the instant case squarely within the case of Sporkin v. MacBride, supra, and effectually accomplishes the purpose of our rule "to prevent snap judgments." The plaintiff's attorney is of record. Nothing can be done without notice to him and therefore the interests of the plaintiff are safeguarded. We repeat, however, that we do not intend to relax this rule unless it is clearly shown that notice of the appeal has been given and a general appearance on the record necessarily shows that the appellee has both notice and knowledge of the fact of the

appeal. For these reasons, the petition to strike the appeal from the record must be refused.

And now, October 29, 1934, the petition of the plaintiff to strike the appeal from the record is hereby refused at the cost of the plaintiff.