## Logan v. W. C. Hamilton Sons Co.

*E. Herman Fuiman*, for plaintiff.

*Ralph N. Kellam* and *Herbert G. Marvin*, for defendant.

SLOANE, J., August 26, 1939.—Plaintiff would have us quash this appeal from the decision of the Workmen's Compensation Board because the carrier's counsel "failed to serve upon the claimant or his attorney a copy of the specifications of the findings of fact, if any, of the board, or of the referee sustained by the board which they alleged to be the basis of their appeal". This plaintiff alleges is a nonobservance of our rule 69.

Admittedly, in all other respects, defendants have perfected their appeal to our court. Plaintiff's counsel also admits that plaintiff has suffered no prejudice. As soon as he was notified of his oversight, the insurance car-

rier's counsel served plaintiff's counsel with a copy of the specifications.

Under the circumstances we are not inclined to quash the appeal. Nobody has been harmed, and to quash the appeal would be too drastic a punishment for the inadvertence of counsel for the carrier.

"Moreover, a trial court has a wide power to construe its own rules (*Commonwealth v. Morgan*, 280 Pa. 67; *Mittin Brothers v. Bass*, 84 Pa. Superior Ct. 298), to determine whether they are to be rigidly enforced (*Smith v. Ellwood City Ice Co.*, 311 Pa. 147), or even to suspend them (*Newman v. Globe Indemnity Co.*, 275 Pa. 374, 380), when its action does not prejudice the party seeking to invoke them": McFadden v. Pennzoil Co., 326 Pa. 277, 279.

The petition to quash the appeal is refused.