## Porter v. Chapman

*S. C. Nissenbaum*, for plaintiff.

*M. E. Cohen*, for defendant.

BLUETT, J., April 13, 1940.—Defendant seeks to have reinstated his appeal, filed in this court as of September term, 1939, no. 143, from a magistrate's judgment. His petition avers that the judgment was rendered against him in favor of plaintiff on August 17, 1939, in the sum of $56 and costs, in an action in trespass; that on Sep-

tember 8, 1939, he filed his appeal in this court and duly notified plaintiff of this by registered mail; that on October 4, 1939, the appeal was stricken from the record on motion of plaintiff's attorney because of defendant's failure to file an affidavit of service in accordance with rule 9 of this court; that he "has a just, true and legal defense to plaintiff's claim."

Plaintiff in his answer admits all these averments, except that he denies that defendant "has a defense of any kind to respondent's claim." Plaintiff reasons in effect that, before this court can consider defendant's rule to reinstate the appeal, it is incumbent upon defendant to state his defense. We cannot subscribe to this line of reasoning under the circumstances in this case. The rule here is to reinstate an appeal, but the authorities cited by plaintiff govern motions to open judgment. In the latter instance, we are aware of the familiar rule that the court will not open a judgment unless the defendant reveals a good defense, or, put another way, "unless there is more than an oath against oath": Appeal of Jenkintown National Bank, 124 Pa. 337. Moreover, in the case at bar, the proceeding is in trespass, and under the Practice Act of May 14, 1915, P. L. 483, the defendant ordinarily is not required to file a defense to the merits in a trespass case.

The determination of the present issue revolves around the interpretation of our rule 9. The rule has been a bone of contention for many years, and it is for that reason that we deem it essential at this time to discuss it at greater length. It is by now well established that ordinarily it is the trial court which is the best exponent of its rules: Solomon v. Ford, 108 Pa. Superior Ct. 43, 46. Our appellate courts "will not interfere with a [lower] court's construction of its own rules, unless the interpretation applied is contrary to the clear and unmistakable wording of the rule": Babis v. New York Extract Co., Inc., et al., 120 Pa. Superior Ct. 73, 77; Bryn Mawr Col-

lege Trustees v. Gold B. & L. Assn., 120 Pa. Superior Ct. 246. Rules of court are designed to expedite the administration of justice and not to prevent its exercise. In discussing the action of this court under another of its rules, the Superior Court held:

"The mere fact that a plaintiff fails to file his motion to take off a non-suit within . . . four days as required by the Rules of the Municipal Court . . . does not prevent the court from acting favorably on the motion if the interests of justice demand it": Murray et ux. v. Hoffman, 115 Pa. Superior Ct. 148. See also Mittin Brothers v. Bass et al., 84 Pa. Superior Ct. 298, and Stein et al. v. Kessler et al., 92 Pa. Superior Ct. 359.

The present rule 9 was adopted in 1933. The earlier rule 23 (a) required that "The party filing an appeal from the judgment of a magistrate shall within 72 hours thereafter, serve a written notice to the adverse party or his attorney, of the term and number to which the appeal is filed". In construing that rule, the Superior Court held, in Sporkin v. MacBride, 95 Pa. Superior Ct. 71, 73, that the Municipal Court was without power to strike an appeal from the record. "The rule of court provides no such penalty for a departure from its demands and such penalty not being provided for, the striking off of the judgment seems to be unauthorized: Nicholson v. Schaffer, 94 Pa. Superior Ct. 318." This construction of the rule was reaffirmed in Schenck v. Goodman, 98 Pa. Superior Ct. 384 (1930), Mr. Justice Keller adding: "In recent years our Supreme Court has relaxed the stricter, more technical practice in force in earlier times." The later rule 9 (1933) was intended to correct this oversight and makes provision for such a penalty.

It cannot be gainsaid, however, that the construction of the latter rule still remains within the discretion of this court, and where palpable injustice may result our opinion has been to wink an eye to a strict-to-the-letter interpretation of it. The real purpose of the rule would

seem to be to insure the giving of notice to the adverse party if an appeal is taken.

The requirement that an affidavit be filed is for the purpose of apprising the court that notice of the appeal has been duly given the adverse party. This practice is also intended to avoid future argument when one side insists and the other just as emphatically denies that such notice was served. Therefore, where there is a dispute whether such notice was given or not, our rule has been to compel strict compliance with rule 9. Where, however, it is not disputed, or when it is admitted, as here, that such notice was actually given to and received by plaintiff, we have held that the chief purpose of the rule has been accomplished. In such event, we have refrained from invoking the harsh penalty of the rule and refused to permit a summary judgment and thus deprive a litigant of his day in court.

A like construction was given by the Common Pleas Court of Dauphin County of its rule 52, reprinted in Walter's Pennsylvania Lawyers' Diary and Court Rules, p. 220. This rule provides:

"In all civil actions brought into Court on appeal from justices of the peace . . . Upon failure to serve said notice [upon the opposite party] and file the proof of such service of record . . . the appeal upon motion shall be stricken from the record."

Anent this rule, Hargest, P. J., stated in Konheim, etc., v. Pomeroy's, Inc., 22 D. & C. 129, 130 (1934) : "In Evanoff v. Evanoff, 31 Dauph. 192, we said:

" 'The obvious purpose of this notice is to require an orderly procedure in this Court and to prevent snap judgments. We have enforced this rule by striking appeals from the record, and we do not mean to relax it where no notice has been given'.

"In that case it was conceded that notice by letter had been given to the attorney for the opposite party and received by him, and we refused to strike off the appeal.

. . . The plaintiff's attorney is of record. Nothing can be done without notice to him and therefore the interests of plaintiff are safeguarded."

Our own views coincide with the conclusions of Judge Hargest, and we have stated them time and again. It is admitted, in the case before us, that notice was given and received by plaintiff. In what way was plaintiff's cause harmed that no affidavit of service was filed of record? He had notice of the appeal and his interests are protected by his attorney's appearance of record. Defendant explains that, when he took the appeal, he was not represented by counsel and was unaware of the requirement to file an affidavit in addition to serving notice of the appeal on plaintiff. If there had been a dispute concerning the sending or receipt of the notice, we would have held otherwise. Inasmuch as the plaintiff here concedes this fact, our opinion is that the purpose of the rule has been accomplished. And we are reluctant, under the circumstances, to permit summary judgment. We believe that justice here demands that the defendant be allowed his day in court and the merits of the controversy heard by a trial.

This seemingly liberal interpretation of our rule 9 would appear to be upheld by the Supreme Court in the recent case of McFadden v. Pennzoil Co., 326 Pa. 277, 279 (1937). There it was said:

"Moreover, a trial court has a wide power to construe its own rules (*Commonwealth v. Morgan*, 280 Pa. 67; *Mittin Brothers v. Bass*, 84 Pa. Superior Ct. 298) to determine whether they are to be rigidly enforced (*Smith v. Ellwood City Ice Co.*, 311 Pa. 147) or even to suspend them (*Newman v. Globe Indemnity Co.*, 275 Pa. 374, 380), when its action does not prejudice the party seeking to invoke them."

For the above reasons, defendant's rule to reinstate the appeal and to allow him to file his affidavit of service is made absolute.