## Derringer v. Derringer

*J. H. Lieberman*, for plaintiff.
*H. A. Wecht*, for defendant.

BLUETT, J., April 13, 1940.—We have before us two rules filed by defendant, both of which derive from the same original proceeding in a magistrate's court. On November 9, 1939, plaintiff obtained a judgment against defendant in the sum of $29.38 and costs. On December 4, 1939, defendant filed an appeal from this judgment in

this court as of December term, 1939, no. 52. No notice of this appeal, however, was given to plaintiff, nor was an affidavit of service filed of record as required by our rule 9. Upon an inspection of the record, plaintiff's counsel discovered this appeal and following the mandate of rule 9 filed an order to strike the appeal from the record. Accordingly, on December 12, 1939, the appeal was stricken from the record and thereafter, on March 1, 1940, defendant filed a "rule to strike from the record the order to strike off magistrate's appeal."

In the meantime, plaintiff had the transcript of the magistrate's record filed in this court as of February term, 1940, no. 494, and proceeded with execution by attachment sur judgment. Thereupon, defendant filed her second rule "to strike judgment from the record and the parties proceed with the appeal", and obtained at the same time a stay of proceedings. It is apparent, therefore, that the validity of this judgment and the proceedings arising therefrom must depend upon the disposition that we will make of the first rule.

Defendant predicates her case chiefly on the contention that the general appearance filed by plaintiff's counsel cures all the irregularities and is tantamount to a waiver of the requirements of rule 9, i. e., to give notice of the appeal and to file the affidavit of service. She does not, however, deny that she failed to give notice to plaintiff and to file an affidavit of record.

In his answer to defendant's petition, plaintiff "denies that his attorney filed a general appearance on his behalf before filing an order and motion to strike off the magistrate's appeal". Counsel explains that his appearance was filed only upon the insistence of the prothonotary's deputy who required such appearance "in order that the authority of the attorney to act for [plaintiff] would appear of record."

We are of the opinion, upon a consideration of the facts in this case and the law applicable thereto, that the appeal was properly stricken from the record. The case chiefly

relied upon by defendant, Sporkin v. MacBride, 95 Pa. Superior Ct. 71, has no bearing upon the facts in the case before us. In that case, the rule that was construed, 23(*a*), was the predecessor to our present rule 9. The rule 23(*a*) provided for no penalty in the event of a departure from its mandate.

"The rule of court provides no such penalty for a departure from its demands and such penalty not being provided for, the striking off of the judgment seems to be unauthorized: Nicholson v. Schaffer, 94 Pa. Superior Ct. 318": Sporkin v. MacBride, supra, p. 73. In the case of Sporkin v. MacBride, the court does state, however, that (p. 73) : "Mere irregularities in the proceedings are cured by a general appearance." (Cases cited.) While this is true ordinarily, and we do not gainsay it, we are not convinced that this dictum of law controls the facts confronting us here in the case at bar. We must consider the purpose of the appearance filed by plaintiff's attorney. Plaintiff's answer to defendant's petition specifically avers that his attorney's appearance was filed simultaneously with the motion to strike for one reason only, namely, to show his authority to act in behalf of his client. Can one seriously contend that under such circumstances the appearance waived the irregularities in the proceedings or the requirements of rule 9? If plaintiff's answers to defendant's averments are taken as true, as we must under the law where no depositions are taken: Brooks et al. v. Coyle et al., 319 Pa. 80; Rebic et al. v. Gulf Refining Co. et al., 122 Pa. Superior Ct. 149; the appearance of his attorney was filed for the express purpose of taking advantage of the provisions of our rule 9.

In the Sporkin case it is said (p. 73) : "The defendant filed an answer in which he alleged that he had sent a notice by his attorney by regular mail . . . that said notice was received by the plaintiff's attorney.

"No depositions were taken and we may assume that the statements contained in defendant's answer are true and that plaintiff received notice of the appeal by mail."

That, we take it, was the crux of the issue there involved, as it was in Schenck v. Goodman, 98 Pa. Superior Ct. 384.

Here, also, no depositions were taken and we may assume in the same way that the averments in plaintiff's answer are true. Defendant does not deny that she sent no notice to plaintiff. If she did not, she defeated the chief purpose of rule 9, which, obviously, was to insure a plaintiff of having notice of an appeal taken by a defendant. The appearance filed by plaintiff's attorney, under the circumstances, we cannot construe as a waiver of the requirements of this rule. We might so have interpreted it, if the appearance had been filed sometime before the motion to strike. But here it was filed simultaneously with the motion to strike and with the manifest purpose of showing his authority to act in behalf of plaintiff. He intended to strike the appeal from record and not, as defendant contends, to waive the irregularities in the proceeding. If we are to construe the filing of the appearance in the way defendant urges us to do, what then was the purpose or use of the simultaneous motion to strike? In Evanoff v. Evanoff, 31 Dauph. 192, the Court of Common Pleas of Dauphin County, in construing its rule 52 (similar to our rule 9) stated that if the fact of the receipt of the notice had been disputed the appeal would have been stricken off. "We have enforced this rule by striking appeals from the record, and we do not mean to relax it where no notice has been given". This would seem to indicate that the Dauphin County court, in construing a rule similar to our rule 9, considered the chief purpose of the rule was to insure notice of the appeal to have been given. See also Konheim, etc., v. Pomeroy's, Inc., 22 D. & C. 129, 130.

For the above reasons, we are of the opinion that the appeal was properly stricken from the record, in accordance with our rule 9. Both rules, therefore, the one "To strike from the record the order to strike off magistrate's appeal", and the other, "to strike judgment from the record and the parties proceed with the appeal", are dismissed.