## Sterner v. Parr et ux.

*Bulleit & Bulleit,* for plaintiff.

*Swope,. Brown & Swope,* for defendants.

SHEELY, P. J., January 3, 1944.—This is a motion by plaintiff to strike off an appeal taken by defendants from the judgment of a justice of the peace because of the failure of defendants to enter or serve a rule upon plaintiff to declare or plead. The motion is based upon three rules adopted by this court on October 16, 1876, March 5, 1877, and November 19, 1888 (entered to no. 8, January term, 1888), respectively.

These local rules of court were considered by the Supreme Court in Horner v. Horner, 145 Pa. 258 (1891), and are there summarized (p. 264):

"The first provides, that when the defendant appeals from the judgment of a justice of the peace, he shall, at the time of filing the transcript, enter and serve a rule on the plaintiff to declare in thirty days from the first day of the term to which the transcript is filed, and that the plaintiff shall give notice to the defendant of the filing of the narr, and to plead in thirty days. The second rule is, in terms, alternative to the first, and provides that the transcript may be treated as the narr, and, within thirty days from the filing of it by the defendant, he shall plead to it. The third rule makes the pleadings and the procedure on appeals from the judgments of justices of the peace the same as in like cases commenced in court, but dispenses with the filing of a statement of claim, other than the transcript, unless the defendant enters a rule for a more specific statement; and, in such case, on the filing of such statement, he 'is required to reply thereto by affidavit, as in the other cases.' "

The Supreme Court, in the Horner case, remarked:

"There is nothing confusing or inconsistent in these rules; they constitute an intelligible system, under which the appellant [defendant] had an option to treat the transcript as the narr, or compel a more specific statement of claim."

Thus it will be seen that, while the first rule imposed an absolute duty upon a defendant taking an appeal to enter and serve a rule on plaintiff to declare in 30 days under penalty of having judgment entered against him as of course by the prothonotary, the second rule gave him the alternative of treating the transcript as the narr and, if he adopted the alternative, required him to plead to it in 30 days. Under the second rule the entry and service upon plaintiff of a rule to declare was unnecessary unless defendant desired a more specific statement of plaintiff's demand than was set forth in the transcript. A failure to plead to the transcript under the second rule would expose defendant to judgment for want of a plea. The third rule, adopted after the passage of the Procedure Act of May 25, 1887, P. L. 271, continued this practice but otherwise made the practice on appeal conform to that act.

Applying these rules of court, it follows that plaintiff's motion to strike off the appeal could not be granted in any event. Failure to comply with the first rule would have authorized a judgment against defendants as of course. But defendants must be presumed to have adopted the alternative provided in the second rule and, at most, would be liable to a judgment for want of a plea. But this cannot be, since section 3 of the Practice Act of May 14, 1915, P. L. 483, 12 PS §384, abolishes all pleas. Furthermore, section 1 of the same act, as amended by the Act of April 14, 1921, P. L. 144, 12 PS §382, provides that in all actions of assumpsit and trespass, except libel and slander, brought in any court of common pleas, or in any other court or subordinate court and appealed to the court of common pleas, the procedure shall be as therein provided. This statutory provision abrogates the rules permitting the transcript to be treated as a narr, so that the "intelligible system" originally provided by the rules is no longer applicable. The result is that the three rules above enumerated have been superseded entirely by statute.

44

The cases relied upon by plaintiff, Specht v. Moyer, 10 D. & C. 311, Karper v. Koser, 15 D. & C. 319, and Schenck v. Goodman, 98 Pa. Superior Ct. 384, were all cases in which the local rules of court required notice of the filing of the appeal. While our local rules accomplished that purpose, they were designed primarily to prescribe procedure on appeal at a time when the procedure was not prescribed by statute. Our local rules contain no specific provision for notice and we are not convinced that such a rule is important since we may assume that plaintiff is in touch with the justice of the peace who entered the judgment.

And now, January 3, 1944, plaintiff's motion to strike off the appeal in the above case is overruled.