## Kibe v. Sentz

*Gurney B. Ruby, Jr.*, for plaintiff.
*John D. Faller, Jr.*, for defendant.

SHUGHART, P. J., April 21, 1954.—On February 8, 1953, Willoughby Kibe recovered a judgment against Donald Sentz, before one of the justices of the peace in the county, in the amount of $64.50. On March 17, 1953, Sentz took an appeal from the judgment, to this court. On March 18, 1953, appellant's counsel filed a copy of a notice of the appeal sent to the appellee, on which he certified that he caused the original of the notice to be served by mail upon the appellee at the address given on the transcript of the justice. Plaintiff

failed to file a complaint and on May 5, 1953, on præcipe, a judgment of non pros was entered, pursuant to local rule of court no. 31.

On December 22, 1953, plaintiff's counsel filed a motion to strike off the appeal on the grounds that no notice of the appeal had been given to plaintiff, or his attorney, as required by the rule of court. In answer to the motion, it is admitted that no notice was given to the plaintiff's counsel, for the reason that appellant's counsel was unaware, at that time, that plaintiff was represented by counsel. It is stated, however, that notice was given to plaintiff by letter, which letter was addressed to plaintiff as named in the transcript, and at the address therein stated, which letter was not returned to defendant's attorney, although it bore his return address.

The question raised is, whether the notice given by defendant was sufficient under the rules of court governing the same.

Plaintiff contends, first, that the notice was insufficient because it was addressed to William H. Kibe, whereas plaintiff's proper name is Willoughby Kibe. Plaintiff's name appears as William H. Kibe on the transcript of the justice. If, as it appears, this was erroneous, it was not defendant's error and he cannot be penalized therefor. If defendant gave notice to plaintiff as shown on the transcript, he did all that was required of him. At oral argument, counsel for plaintiff further indicated that, following the institution of the action, plaintiff moved from the address stated on the transcript. If this did occur, he was bound to see that his mail was forwarded and he could not expect defendant to conduct a search for his changed residence.

On September 21, 1953, we adopted new rules governing practice in the court of common pleas of this county, which became effective January 1, 1954. This

action is governed by rule 30 of the rules previously in effect, which provides, inter alia:

"In all civil actions brought into court on appeal . . ., the appellant shall, within ten days, give written notice to the opposite party of the filing of the appeal, and proof of service thereof shall be filed of record. . . ."

Appellee contends that the notice required by the rule is something more than a letter directed by ordinary mail.

In other situations where "written notice" was required, courts have held that notice by ordinary mail is sufficient: James v. Hutchison, 211 S. W. 2d (Mo. App.) 507, 509 (lease); Lack v. Western Loan & Building Co. et al., 134 F. 2d 1017, 1020 (contract); Petition of Conners Marine Co., Inc., 28 F. Supp. 585 (notice of claim).

In the case of Sporkin v. MacBride, 95 Pa. Superior Ct. 71, plaintiff moved to strike off an appeal from a magistrate, alleging that no notice of the appeal was sent to plaintiff or his attorney within 72 hours, as required by the Rules of the Municipal Court of Philadelphia. The court said, at page 73:

"The defendant filed an answer in which he alleged that he had sent a notice by his attorney by regular mail to plaintiff's attorney and a copy of the letter bearing the same date as the entry of the appeal is attached to the answer and he further alleged that said notice was received by the plaintiff's attorney.

"No depositions were taken and we may assume that the statements contained in defendant's answer are true and that plaintiff received notice of the appeal by mail. . . . We need not speculate as to the purpose of Rule 23a, but it seems harsh to say that when a failure to serve notice of the appeal in 72 hours appears that the defendant's appeal may be stricken from the record. *The rule of court provides no such penalty*

for a departure from its demands and such penalty not being provided for, the striking off of the judgment (appeal) seems to be unauthorized." (Italics supplied.)

Rule 30, likewise, contains no provision for striking off the appeal where no notice is given.

The foregoing quotation from the Sporkin case is weakened somewhat by the fact that the court further said that the entry of a general appearance by plaintiff's attorney waived irregularities of service.

Schenck v. Goodman, 98 Pa. Superior Ct. 384, involved the question as to whether notice of the appeal sent by ordinary mail to the attorney for the adverse party was sufficient "instead of being served in the manner provided by law for the service of a summons, or by registered mail." The court held the service to be sufficient.

This case involved Rule 23(*a*) of the Municipal Court of Philadelphia, as did the Sporkin case, supra, which rule required that appellant "serve a written notice to the adverse party or his attorney, . . ."

The court quoted from the Sporkin case, supra, and then said, at page 386:

"It is true that in that case a general appearance had been entered by the party moving to strike off the appeal, which is not the case here; but our decision, reversing the action of the court below, was based on both grounds. . . .

"The rule does not say how notice shall be given the adverse party, or his attorney, beyond that it shall be in writing, nor what shall be the effect of a failure strictly to comply with its provisions. It would seem that if such a drastic penalty had been contemplated, as a final judgment in the case,—for, that is what striking off the appeal amounts to—the rules of court should have been specific both as to how service was to be made and the penalty that would

follow the slightest infraction or neglect of the rule; but in both respects they are silent."

In the light of the foregoing, we are satisfied that notice of the appeal sent by ordinary mail is sufficient compliance with the rule, and that the certification constitutes adequate proof of service. Even if this were not so, as indicated by the Superior Court in the cases cited, striking off the appeal where the rule does not so provide, might well be too drastic a penalty where the notice given is inadequate. It is noted that current rule of court 22 provides for striking off an appeal on præcipe for the failure to give notice of filing the appeal.

Rule 30 does not provide for notice to the counsel for appellee; however, as a courtesy, such notice is usually given, and counsel for defendant stated in his answer that such notice would have been given except for his inadvertent failure to note that counsel had appeared for plaintiff before the justice of the peace. In view of his failure to notify counsel for plaintiff, defendant's counsel has indicated his willingness to have the judgment of non pros stricken and to have plaintiff file his complaint at this time.

The judgment of non pros will, for that reason, be stricken and plaintiff permitted to file a complaint. It should be noted, however, that there are decisions which hold that the entry of a judgment of non pros under rules of court similar to our old rule 13 (current rule of court 22) without ruling plaintiff to file a complaint, as required by Pa. R. C. P. 1037(a), is improper. See Crouse v. Novasecku, 70 D. & C. 57, 60; City of Sunbury v. Pa. Railroad Company, 78 D. & C. 128.

In view of our disposition of the case, it is unnecessary to decide whether the motion to strike the appeal could be entertained after the entry of judgment of non pros.

And now, April 21, 1954, at 2 p.m., (Eastern Standard Time), the motion to strike off the appeal is overruled, the judgment of non prosequitur, heretofore entered, is stricken and plaintiff is given 20 days from this date to file a complaint.