# CASES

IN THE

# SUPERIOR COURT

OF

# PENNSYLVANIA.

## Meyer v. Knight.

*Execution—Sheriff's interpleader—Act of May* 26, 1897, *P. L.* 95.

When a claimant of personal property, taken by the sheriff in execution, gives the bond required by the 2d section of the Act of May 26, 1897, P. L. 95, and receives the property from the sheriff in accordance with the provisions of that statute, the title to the property vests in the claimant. It is no longer in the custody of the law, and the lien of the execution is at an end. In this respect the act of May 26, 1897, changes the practice adopted by the courts in the exercise of the powers conferred upon them by the Act of April 10, 1848, P. L. 448.

Argued Dec. 5, 1901. Appeal, No. 252, Oct. T., 1901, by Norman S. Farquhar, trustee on bankruptcy of Joseph Price Knight, from order of C. P. Schuylkill Co., Nov. T., 1900, Nos. 22, 30, 45, 48 and 62, distributing proceeds of sheriff's sale in case of Joseph M. Meyer v. Joseph Price Knight. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Exceptions to report of William Wilhelm, Esq., auditor.

On exceptions to the auditor's report, MARR, J., stated the facts to be as follows:

The evidence discloses that a writ of fieri facias was issued December 18, 1899, at the instance of Joseph N. Meyer against Joseph Price Knight to No. 49, January term, 1900,

by virtue of which writ, a levy was made December 30, 1899, on certain personal property, as the property of Joseph Price Knight, and a schedule of the property thus levied upon was attached to the writ. Adelaide Knight claiming the property as hers filed her bond in pursuance of the provisions of the sheriff's interpleader act of 1897, when an issue was formed and the title to the property determined against her. H. O. Bechtel, the assignee of Joseph N. Meyer, then issued, on October 15, 1900, venditionas exponas, directing the sheriff to sell the goods and chattels, levied on by reference to writ of fi. fa. and described in the levy of December 30, 1899, which being sold by the sheriff on November 7, 1900, realized the fund in controversy.

October 22, 1900, other creditors petitioned the United States court to adjudge Mr. Knight a bankrupt, and he. was so adjudged November 16, 1900, and Norman S. Farquhar on December 5, 1900, was appointed his trustee.

The court overruled the exceptions to the auditor's report, and sustained the auditor in distributing the fund to the execution creditor.

*Error assigned* was the order of the court.

*A. W. Schalck*, for appellant.—The act of 1848 is clearly inconsistent with the Act of May 26, 1897, P. L. 95, and it is therefore expressly repealed by section 16 of the latter act, which repeals all acts or parts of acts inconsistent therewith: Boginski v. Tobolski, 21 Pa. C. C. Rep. 531 ; Penna. Knitting Co. v. Bibb Mfg. Co., 21 Pa. C. C. Rep. 537.

*H. O. Bechtel*, for appellee.—We challenge appellant to show anything in the act of 1897 to prevent the sale of goods where they are forthcoming under a vend. ex. Surely the changed condition of the bond does not change the practice as to proceeding against the goods. Were this the case, the diligent creditor might be prevented from ever collecting his claim. During litigation the bond might become insufficient to secure him, and if he were unable to pursue the goods, he would be compelled to stand by while subsequent creditors profited by the fund which he had created, and in the labor for the creation of which they had no part.

It is a well settled rule of law that prior to the passage of the act of 1897, a vend. ex. could be issued and the goods levied upon by the fi. fa. sold: Bain v. Lyle, 68 Pa. 60.

OPINION BY W. D. PORTER, J., July 10, 1902:

The personal property of Joseph Price Knight was, on December 30, 1899, levied upon under a writ of fieri facias issued upon the judgment of Meyer. The goods were claimed by Adelaide Knight to whom they were delivered by the sheriff, she having given a bond with surety in the manner and form required by the Act of May 26, 1897, P. L. 95. An issue having been framed and proceeded in as by said act required, the result was a verdict and judgment in favor of the defendant in the issue, the execution creditor, on September 20, 1900. The property was, subsequently to the determination of said issue, levied upon under a number of executions against Joseph Price Knight and on October 6, 1900, a writ of venditioni exponas was issued following up the fieri facias upon the Meyer judgment. A petition for the adjudication of Knight, a bankrupt, was filed in the district court of the United States on October 22, 1900; the personal property of Knight was sold by the sheriff under the executions then in his hands on November 7, 1900; and Knight was on December 16, 1900, adjudged a bankrupt. The assignee of the bankrupt claimed the fund then in the court of common pleas which had been realized from the sale of the personal property of Knight under the executions. Under the provisions of the bankrupt act the right of the assignee to take the fund must prevail over the preferences attempted to be obtained by the execution creditors, when the lien of the execution had accrued within four months prior to the filing of the petition in bankruptcy. This eliminated the claims of all the execution creditors, unless the lien of the fieri facias upon the Meyer judgment survived the proceedings under the interpleader upon the claim of Adelaide Knight.

When a claimant of personal property gives the bond required by the 2d section of the Act of May 26, 1897, P. L. 95, and receives the property from the sheriff in accordance with the provisions of that statute, does the property remain in the custody of the law and subject to the lien of the execution? When, in the exercise of the powers conferred by the Act of April 10,

1848, P. L. 448, the courts adopted the policy of requiring the claimant to give a bond conditioned for the forthcoming of the goods, the condition of the bond was satisfied by a redelivery of the goods in order to answer the execution of the plaintiff. The property remained technically in the custody of the law during the pendency of the interpleader proceeding, and the bond was satisfied by the delivery, to the sheriff, of the identical goods, however, depreciated in value, if not injured by the fault of the claimant : Bain v. Lyle, 68 Pa. 60. Mr. Justice SHARS-WOOD, who spoke for the court in that case, distinctly recognized the power of the courts of common pleas, under the statute then in force to adopt a rule providing for a bond which would be absolute for the payment of the appraised value of the goods if found to be subject to the execution ; and the condition of the bond required by law to be given by the plaintiff was declared to be the controlling factor in determining whether the property continued in the custody of the law and subject to the lien of the execution.

The practice established by the act of 1897, is radically different from that which had prevailed under the earlier statute. The act makes specific provision as to the condition of the bond and the approval of the security by the court and the delivery of the goods to the claimant. The condition of the bond must be that the claimant shall at all times maintain his title to said goods and chattels or pay the value thereof, to the party thereto entitled. The bond inures not only to the benefit of the plaintiff in the execution, but to all other persons who may be adjudged to have the right or title to the goods, or any part thereof, and successive suits may be brought thereon to the use of such persons until the amount thereof is exhausted. The claimant cannot discharge his bond by surrendering or offering to surrender the goods, he must maintain his title or pay. If upon the trial of the issue the title to the goods is found not to be in the claimant the creditor obtains a verdict and judgment for the value of the property, and not for its return to the sheriff. The lien of all executions is subject to legislative control, and the legislative intent manifestly indicated by this statute was that upon the giving of the bond and the approval thereof by the court, the bond should as between the execution creditor and the claimant take the place of the property. The

1, (1902).]                    Opinion of the Court.

effect of the bond is, as against the execution creditor, to vest the title to the property in the claimant. The property is no longer in the custody of the law, and the lien of the execution is at an end. The appellee had no claim upon this fund by virtue of any supposed lien of the original writ of fieri facias. The assignee in bankruptcy of Joseph Price Knight is entitled to the sum which was by the learned court below awarded to Joseph N. Meyer for use of H. O. Bechtel.

The judgment is reversed and the record is remitted to the court below with direction to make distribution in accordance with this opinion, and it is ordered that the costs of this appeal be paid by the appellee.