## Gain, Appellant, *v.* Steinberger.

*Judgment—Opening judgment—Sheriff's interpleader—Bond—Principal and surety.*

An order opening a judgment entered for want of an affidavit of defense in an action upon a bond given by the surety of the claimant of goods that had been levied upon by the sheriff, upon an execution against another person, will be sustained by the appellate court where it appears that it has not been determined finally by the proper tribunal in a pending issue that the goods are not the claimant's.

Argued May 7, 1908. Appeal, No. 16, April T., 1908, by plaintiffs, from order of C. P. No. 2, Allegheny Co., April T., 1907, No. 579, making absolute rule to open judgment in case of H. L. Gain and E. S. Romine, trading as Gain & Romine, v. Jacob Steinberger. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Rule to open judgment.
The opinion of the Superior Court states the case.

*Error assigned* was order opening the judgment.

*C. S. Crawford,* for appellants.

*John S. Ferguson,* for appellee.

PER CURIAM, May 14, 1908:

This is an appeal from an order opening (not striking off as erroneously set forth in the assignment of error and assumed in appellant's argument) a judgment for want of an affidavit of defense in an action upon a bond given by the surety of the claimant of goods that had been levied upon by the sheriff, upon an execution against another person. The judgment was entered on March 22, 1907, and at that time, it is alleged in the statement of claim, a verdict and judgment had been entered in favor of the defendant and against the claimant in the interpleader proceedings in which the bond was given. But it is not alleged in the statement that any verdict or judgment was entered assessing the value of the goods and chattels. Moreover, we learn from the opinion of the court below that after the judgment on the bond had been entered the court vacated the judgment in the interpleader issue, and granted a new trial because the jury did not determine by their verdict the value of the goods levied upon. It was stated upon the argument that the rendition of verdict and the entry of judgment in the interpleader, the entry of judgment upon the bond, the vacation of the former judgment, and the application to open the latter judgment, all occurred within the same term. The bond being conditioned to pay, if the claimant "shall fail to maintain its title to the goods and chattels levied upon," it would be manifestly inequitable, and contrary to the true intent and meaning of the condition, to compel the defendant to pay the amount of the bond, or the value of the goods, before it has been finally determined by the proper tribunal in the pending issue that the goods are not the claimant's. We entertain no doubt of the power of the court to prevent such manifest injustice by opening the judgment at the time it did.

The order is affirmed at the costs of the appellants.