# Commonwealth to the use of Mayme Doughton, Appellant, *v.* U. S. Fidelity & Guaranty Co.

*Sheriff's interpleader—Action on bond before verdict and valuation—Nonsuit.*

In an action on a bond given in a sheriff's interpleader, a nonsuit was properly entered, where it appeared that no judgment had been entered and no valuation found of the goods in question.

To entitle a use-plaintiff to recover in a suit on a surety bond, there must be a verdict and a judgment for the value of the goods.

Argued October 20, 1919. Appeal, No. 218, October T., 1919, by plaintiff, from judgment of C. P. No. 1, Philadelphia Co., June T., 1917, No. 1220, refusing to take off nonsuit in the case of Commonwealth to the use of Mayme Doughton v. United States Fidelity and Guaranty Company. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER and KELLER, JJ. Affirmed.

Assumpsit against defendant on interpleader bond. Before PATTERSON, J.

The court below, on motion, entered judgment of nonsuit, which it subsequently refused to take off and filed the following opinion:

This is a motion to take off a nonsuit entered on an action to recover on behalf of a third execution creditor who sued in assumpsit on a bond entered in a sheriff's interpleader.

The record discloses that at the trial of the case at bar, the plaintiff offered in evidence a certain other record of a suit in the municipal court as of December Term, 1915, No. 372. This municipal court record shows an entry of a nonsuit, a refusal to take off the same, two rules to secure the valuation of goods, but no judgment and no valuation of the goods.

We are of opinion that the trial judge was right in entering the nonsuit, because no judgment had been en-

tered, and no valuation of the goods had been found in the municipal court proceedings, as required by the Act of May 26, 1897, Sec. 13, P. L. 95. To entitle the use-plaintiff to recover in a suit against a surety in a proceeding such as this, there must be a verdict and a judgment for the value of the goods: Act of May 26, 1897, Sec. 13, P. L. 95; Mann v. Salsberg, 17 Pa. Superior Ct. 280 (1901); Gain v. Steinberger, 36 Pa. Superior Ct. 303 (1908); Lowry v. Letzelter, 45 Pa. Superior Ct. 143 (1911); Saba v. McElwaine, 57 Pa. Superior Ct. 369 (1914); Com. v. McPhilips, 66 Pa. Superior Ct. 223 (1917).

In the last cited case Judge PORTER, in referring to the Act of May 26, 1897, said (p. 229, et seq.):

"The 13th section provides that, upon the trial of the issue, if the title to the goods is found not to be in the claimant, when he has given bond and taken the goods, a verdict and judgment for the value of the goods shall be entered against the claimant and in favor of the defendant in the issue. It is thus made clear that it was the intention of the legislature that the value of the goods should be determined in the same proceeding in which the bond was filed, and the amount of the liability of the surety in the bond be thus definitely determined."

When, under the present statute, the claimant, gives bond, with approved surety, and received the goods from the sheriff, the property is then out of the custody of the law and the owner, whether the execution defendant or any other person, may at once proceed against the claimant who has wrongfully acquired possession of his goods. He cannot, however, proceed against the surety on the interpleader bond until the extent of the liability of that surety has been fixed in the interpleader proceeding. When the extent of that liability has been so determined, the value of the goods as found by the jury, is the limit of the liability of the surety.

We deem it proper to say, in order to correct any misapprehension that may exist, that the express mandate

268 COM., Appel., *v.* U. S. FIDELITY & GUARANTY CO.

of the statute is that the verdict and judgment, in such a case, must be for the value of the goods.

As the record in this case fails to show that there was a verdict and a judgment in the first suit for the value of the goods, we concur in the ruling of the trial judge, and the motion to take off nonsuit is dismissed.

*Error assigned* was the order of the court.

*Edward Tolen,* for appellant.

*Louis J. Palmer,* for appellee.

PER CURIAM, December 10, 1919:

This is an appeal from the judgment of the court below refusing to take off a nonsuit. The only assignment of error being, that the trial judge erred in not taking off the nonsuit. The reasons given in the opinion filed, are a sufficient answer to the argument of the appellant. The appeal is dismissed.