## Williams v. Snyder.

*Execution—Sheriff's interpleader—Replevin—Bond—Act of May 26, 1897.*

1. Where the sheriff has levied upon a chattel and a person claims the property as against the defendant in the execution and files a bond, as provided by the Act of May 26, 1897, P. L. 95, such person is entitled to the possession of the property. In such case, when the bond is filed, the property vests in the claimant and is no longer in the custody of the law.

2. If the sheriff refuses to surrender custody, the court, upon a proper petition, will make an order directing him to do so. The claimant is not bound to bring an action of replevin to secure the possession of the property.

Replevin. Rule to abate suit. C. P. Snyder Co., Oct. T., 1923, No. 30.

*A. F. Gilbert* and *C. P. Ulrich,* for rule; *Jay G. Weiser,* contra.

POTTER, P. J., Dec. 1, 1923.—From the files we gather that some time ago the plaintiff had leased to the defendant a Ford touring car No. 5,864,578, the date of which is not material to this issue.

Some time after this, Catharine V. Snyder caused an execution to be issued on a judgment which she held against Mary A. Snyder, by virtue of which the Sheriff of Snyder County levied upon this said Ford touring car as of the property of the said Mary A. Snyder, the defendant in this proceeding.

E. C. Williams notified the sheriff of his ownership of the said touring car, by virtue of which the proper successive steps were taken and an issue was framed under the Sheriffs' Interpleader Act to determine the title to the said Ford touring car, the plaintiff herein, being the claimant in the interpleader proceedings, having filed his bond in the sum of $800, which was approved by the court, in double the appraised value of the said touring car, as is provided by the 2nd section of the Act of May 26, 1897, P. L. 95, and the several supplements and amendments thereto, and having then demanded the return of the said car into his custody, possession and control. This was refused by the said Mary A. Snyder, in whose custody and possession the said touring car was left by the sheriff when he levied upon it.

This writ of replevin was then sued out by the plaintiff herein in order to get possession of the car, which writ was served on the defendant on July 7, 1923. For some reason not disclosed by the pleadings, the said car was left in the possession of the defendant till July 13, 1923, when the sheriff took possession of it and brought it to his residence in Middleburg, where it has continued to be up to the present day.

4 D. & C.

Williams v. Snyder.

The plaintiff, being the claimant in the interpleader proceedings, claims that, as he has given bond in the sum of $800, as hereinbefore mentioned, the car should be turned over into his possession.

This is resisted by Catharine V. Snyder, the execution creditor, she claiming the car is *in custodia legis* and must so remain till the issue in the interpleader suit is determined, fixing the title and ownership of the car.

This question is easily determined by a reading of the Interpleader Act of 1897 and the decisions of the courts relating to it.

Under the Interpleader Act of 1848, the giving of the bond did not release the goods levied upon from the lien of the execution, or substitute the bond for the goods, but merely operated as a transfer of the goods from the custody of the sheriff to that of the claimant pending the determination of the issue as to their ownership, and upon the determination of the issue fixing the title to the goods in either party, the goods themselves had to be surrendered to the proper party. The case of Taylor v. Ellis, 200 Pa. 191, has been cited in support of this contention. Were these proceedings under the Act of 1848, this case would be directly in line and would control the case at bar. The writer of the opinion in that case specifically states that the case is not decided under the Act of 1897, but that it is decided under the Act of 1848, being the act in force prior to the passage of the act under which we are now working.

But since the passage of the Act of 1897 the Superior Court has held that, after the claimant has given bond and received the property from the sheriff, the title to the property vests in the claimant and is no longer in the custody of the law, and that the lien of the execution is at an end. The practice is in this respect changed: Meyer v. Knight, 21 Pa. Superior Ct. 1; Boginski v. Tobolski, 21 Pa. C. C. Reps. 531.

The 2nd section of the Act of May 26, 1897, P. L. 95, provides as follows: "If the court shall make said rule absolute, the claimant shall give bond to the Commonwealth of Pennsylvania, with security to be approved by the court, in double the value of the goods and chattels claimed, conditioned that he shall at all times *maintain his title to said goods and chattels or pay the value thereof* to the party thereunto entitled, and *thereupon the sheriff shall deliver said goods and chattels to the claimant.*"

It is very plain to understand that, under this statute, the goods in question need not be returned by the claimant should the case be decided adversely to him. He is to maintain his title to them or *pay the value of them.* If the suit should terminate in his favor, he simply retains the goods. If the suit terminates adversely to him, he pays the value of the goods as fixed by the jury in their verdict. And, upon his giving the bond, he is entitled to the goods. His bond stands as security for the payment of their value should the suit turn out adversely to him.

Just why this automobile was not delivered to this claimant upon the approval of his bond of $800 we are at a loss to say. It should have been. The supplements and amendments to the Act of 1897 make no change in this regard.

The principle herein enunciated is supported in the case of Bricker v. Doyle, 64 Pa. Superior Ct. 474. If the claimant maintains his title to the goods, that is the absolute discharge of his bond. If he fails to maintain his title to the goods, the alternative condition applies, and he must pay the value of the goods to the party thereto entitled, in which case the condition of his obligation is satisfied: Com., to use, &c., v. McPhillips, 66 Pa. Superior Ct. 223, 228.

We do not deem an action of replevin necessary to secure to the plaintiff the possession of the car in question. Had he come into court by petition setting out the facts of the case, the court would have been in duty bound to make an order turning over to him the touring car herein involved.

And now, to wit, Dec. 1, 1923, the within rule is discharged, and it is ordered that the said touring car be turned over to the plaintiff, E. C. Williams.

NOTE.—See Act of May 23, 1923, P. L. 346, amending section 2 of the Act of May 26, 1897, P. L. 95, and American Appraisal Co. v. Kresge, 4 D. & C. 114.