## Conservative Building & Loan Association, Appellant, *v.* Pearl.

*E. Spencer Miller,* for motion.

*Archibald T. Johnson,* contra.

PER CURIAM, May 19, 1930:

Plaintiff appealed from an order making absolute a rule on the sheriff to show cause why he should not deliver certain property, in his possession under an execution levy, to the claimant in a sheriff's interpleader. The claimant, Le Monde Apartments Company, has moved us to quash the appeal, on the ground that plaintiff has no interest which entitles it to contest the order of the court below.

Appellant entered judgment on a bond accompanying a mortgage, which it held against Le Monde Apartments, and issued execution. The sheriff levied on personal property then in the possession of tenants occupying the apartments. The claimant notified the sheriff that it owned the property levied on. The sheriff petitioned

for an interpleader, under the Act of May 26, 1897, P. L. 95, as last amended by the Act of April 7, 1927, P. L. 174. After notice to all parties concerned, including the execution creditor (appellant), the interpleader was granted. No exceptions to the application for the interpleader were filed by appellant. Claimant then entered its bond and filed a statement of title. Subsequently, claimant took a rule on the sheriff to deliver the goods under levy into its possession. To this, appellant filed an answer alleging, first, that the sheriff left the property levied on in the possession of the tenants of the apartment house; second, that the bond given by claimant was filed in another cause; and, third, that the right of possession to the property here in controversy was the subject of another proceeding, in equity, then pending between claimant and itself, and counsel for both sides had agreed that the proceedings on the interpleader should await the determination of the equity cause. A supplemental answer raised the further point that the judgment on which the present execution issued was for the same debt as that secured by another bond and mortgage given by one Robinson to appellant, covering the apartment house and certain fixtures and equipment; that fixtures attached to real estate constituted part of the property levied on in this case. The rule to deliver the property to claimant was made absolute, and the appeal, now asked to be quashed, followed.

The prayer to quash the appeal must be granted. Section 2 of the Act of 1897, as amended by the Act of 1927, provides that an interpleader shall be ordered unless exceptions are filed to the application therefor, and that the interpleader having been ordered and a bond and statement of title given, "the sheriff shall withdraw all levies......on the property claimed, and deliver any goods and chattels actually in his custody to the claimant, upon payment by the latter of the charges incurred by the sheriff in taking and keeping and transporting

the same." Under this provision, when the bond is filed, the levy is lifted and the claimant has the immediate right to possession of the goods, while the execution creditor is confined for his relief to an action on the bond. See Meyer v. Knight, 21 Pa. Superior Ct. 1, 4; Bricker v. Doyle, 64 Pa. Superior Ct. 474, 477, construing a similar provision in the original act.

Appellant has averred nothing which confers on it rights other than those of the ordinary execution creditor. The bond in the present case shows that it was given to protect all parties concerned in this, as well as in two other proceedings, a method of procedure permitted by section 4 of the Act of 1897. The Robinson mortgage referred to above is merely another security held by appellant for the same debt represented by the judgment on which the instant execution was issued. Appellant's averment that a portion of the property levied on consisted of fixtures subject to the mortgage is most general and gives no detailed information which would permit a separation of the alleged fixtures from admitted personalty. Furthermore, this contention was not raised as an exception to the rule for the interpleader; it appears only in appellant's supplemental answer to the subsequent rule on the sheriff to deliver the goods to claimant. After the levy, albeit the goods in question were left on the premises, they, in the eyes of the law, were in the "actual possession" of the sheriff: Weidensaul v. Reynolds, 49 Pa. 73, 78. The fact that another proceeding is pending in regard to the property in question does not of itself establish a possessory right in appellant, and no copy of the alleged agreement that the interpleader proceedings should await the result of the equity suit appears on the record, though the agreement is said to be in writing. Finally, aside from the matter of this alleged agreement, all other objections urged to the delivery of the property to claimant could have been raised by exceptions at the time of the rule for the interpleader, which was the proper time to interpose

them; they cannot be heard now. Appellant, having averred no legal right to object to the delivery of the property to claimant, is not injured by the order to that effect, and hence is not entitled to appeal.

The appeal is quashed.