Babis *v.* New York Extract Company, Inc., Appellant, et al.

Argued October 11, 1935.

Before KELLER, P. J., BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Oscar Rosenbaum,* for appellant.

*Harry M. Seidenberg,* for appellee.

OPINION BY KELLER, P. J., December 11, 1935:
This was a sheriff's interpleader issue under the Act

of June 22, 1931, P. L. 883. Section 10 of the Act provides that the claimant shall be the plaintiff in the issue, and all other parties thereto defendants. The caption of the case in the paper books is wrong. Since the Act of May 9, 1889, P. L. 158, relating to writs of error and appeals, the names of the parties are required to be set forth in the praecipe for the appeal in the same order and sequence as they were at the trial.

The claimant, Babis, gave bond as required by the Act, and, pursuant to Section 2, the sheriff, thereupon, withdrew his levy and delivered to claimant custody of the goods and chattels claimed by him.

Four questions are raised by the appellant. We will discuss them in the following order:

(1) Appellant, the execution creditor, offered no evidence. The testimony of the claimant and his witness, Costello, was not improbable or at variance with any proved or admitted facts, or with ordinary experience (Berkowitz v. Palruba Mfg. Co., 68 Pa. Superior Ct. 559, 560). The evidence was sufficient to support the jury's verdict in favor of the claimant. We find no abuse of discretion on the part of the court below in refusing a new trial.

(2) As the custody of the goods and chattels claimed had been delivered by the sheriff to the claimant, the verdict on the issue in the latter's favor should not have been for the value of the goods, or for any amount, in the absence of any evidence of special damage suffered by him by reason of the levy, (Section 13), of which there was none in this case, but should have been general, for the plaintiff in the issue. Expressions in opinions (see, inter alia, Mann v. Salsberg, 17 Pa. Superior Ct. 280; Lowry v. Letzelter, 45 Pa. Superior Ct. 143) that the jury must determine the value of the goods, must be read in the light of the facts in those cases and be limited to cases where the verdict was against the claimant, or the goods in dispute had not been delivered

to him. Where the goods have been left in the custody of the claimant, the verdict, if in his favor, should be a general one, and not for the money value of the goods. The verdict and judgment will be modified accordingly by striking out the value of the goods, $203.

(3) Section 13 of the Act of May 26, 1897, P. L. 95, provided that "If upon the trial of said issue the title to said goods and chattels be found not to be in the claimant, he shall pay all the costs of said proceeding, including the allowance of a fee to counsel for the plaintiff in the execution or process as shall be fixed by the court." This was carried bodily into the Act of 1931, supra, but an additional clause was added, "If upon the trials of said issue the title to said goods and chattels be found in the claimant, a verdict and judgment may be entered against the plaintiffs in the executions or processes for the damages suffered by the claimant by reason of the levies or attachments on same, including the allowance of a counsel fee to be fixed by the court."

It will be noticed that the language of the two clauses is not precisely the same. If the verdict is against the claimant, the counsel fee is to be fixed as part of the costs; if the verdict is in favor of the claimant, it is to be included in the judgment. But both clauses agree in one respect, that the counsel fee allowed the successful party is to be fixed by the court. This is inconsistent with the construction that it is to be determined in the verdict of the jury. We are of opinion that the meaning of the statute is, that where the title to the goods is found by the jury to be in a claimant, who has given bond and been given custody of the goods, the verdict in his favor is a general one, unless he has suffered special damages by reason of the levy, in which event a money verdict for the damages so suffered may be rendered against the execution creditor. It then becomes the duty of the court to fix the counsel fee to be allowed the claimant, and this amount so fixed by the

court is to be entered as a money judgment against the execution creditor, or included in the judgment against him, if a money verdict for special damages has been rendered, as above provided.

While the trial judge left it to the jury to fix the counsel fee to be allowed the claimant, the amount fixed by the jury had been suggested by the judge, and was afterwards, in effect, approved by the court. We will not reverse for a technical error which did appellant no harm. Besides, appellant's counsel requested instructions to the jury as respects a counsel fee for appellant, in case the verdict was in its favor. He was, himself, to some extent responsible for the error.

(4) Appellant's counsel complains that he was not allowed to make an oral argument in the court below, although he requested it pursuant to Section D of Rule 37 of the Municipal Court. That rule provides: "All motions under this rule shall be disposed of upon briefs filed, except that oral argument may be requested in writing by either party, and may be heard upon order of the Court after one week's notice to counsel."

We will not interfere with a court's construction of its own rules, unless the interpretation applied is contrary to the clear and unmistakable wording of the rule.

Oral arguments are generally of value in the decision of a cause. We usually find them to be of benefit. But the calendar of a busy court like the Municipal Court may be so congested that oral arguments are not always practicable, and we will not interfere with the discretion of the Court in the matter, unless shown to have been so unreasonably exercised as to amount to an abuse of discretion.

The judgment against appellant is modified by eliminating therefrom the sum of $203, representing the value of the goods in controversy, and as so modified it is affirmed.