## Couts v. Catanese

*A. Kirk Wrenshall* and *Ben F. Richman*, for claimant.
*D. M. Cummins*, for defendant.

BROWNSON, P. J., December 30, 1935.—In this interpleader proceeding the jury found that claimant had title to the property in controversy, two cows, valued at $75 each, which had been delivered to him by the sheriff upon the entry of security, and awarded him a counsel fee, the amount thereof to be fixed by the court. We now have before us the matter of fixing this fee.

Previous to the passage of the Interpleader Act of June 22, 1931, P. L. 883, there was no statute giving a counsel fee to the successful claimant in a sheriff's interpleader proceeding: Kubiak v. McAleer, 24 Dist. R. 522; but section 13 of the Act of May 26, 1897, P. L. 95, provided that if title to the goods and chattels claimed "be found not to be in the claimant, he shall pay all the costs of said proceeding, including the allowance of a fee to counsel for the plaintiff in the execution or process as shall be fixed by the court."

There have been a number of decisions of the courts of common pleas relative to the allowance of counsel fees under the Act of 1897. These courts have differed on the question whether the provisions of that act upon this subject applied, and counsel fees could be allowed thereunder, in cases where the claimant was unsuccessful in maintaining title to the whole of the goods claimed, but was found

to be the owner of a part thereof: See Myers v. Jackson, 11 Dist. R. 369, Dillich v. Union Building & Loan Assn., 18 Dist. R. 518, Derr v. Frank, 17 Lanc. 193, and Marsh v. Ernhart, 17 Lanc. 195, which did not under those circumstances allow such a fee, and Dunn v. Shaw, 11 Dist. R. 129, Wagner v. Bertholf, Exec., 11 Dist. R. 367, Katzen v. Ehrhart, 20 Dist. R. 1090, and Hoerner v. The Pine Grove Brewing Co., 8 Del. Co. 106, in which, although there were divided verdicts, counsel fees were allowed to the execution plaintiff. In the present case, as claimant was successful as to all the chattels claimed, this question does not have to be passed upon.

But the cases in which counsel fees have been allowed under the Act of 1897 seem generally to have proceeded, whether the execution plaintiff was successful therein in whole or in part, upon the view expressed by Edwards, P. J., in Jenkins v. Courtright, 24 Dist. R. 978, in the following words:

"The amount of the fee . . . rests in the sound discretion of the court. We are not to determine the amount of compensation by the standard governing the relation between attorney and client in the matter of adequate remuneration for professional services in the preparation and trial of the cause. If we were to adopt such a standard in the case at bar, the fee would far exceed the amount in controversy. . . . Notwithstanding the amount of work done as shown by the record, it must be understood that the counsel fee is an allowance in the nature of costs."

The meaning of this appears to be, in other words, that the counsel fee is an allowance analogous to what is commonly called an attorney's "docket fee". In that case the fee allowed was fixed at $25. In Merrill v. Thorpe, 22 Pa. C. C. 181, a fee of $40 was allowed. In Fudge v. Scholl et al., 22 D. & C. 42, the amount was fixed at $75. In Ruth v. Lackawanna Automobile Co., 66 Pitts. 718, $15 was allowed, while in Kramlich v. Rabert, 70 Pitts. 264, the allowance was $50. In the cases of Barbuti v. Industrial Thrift & Loan Corp., 25 Lack. Jur. 262, and Bly-

stone v. First National Bank of Cambridge Springs, 4 D. & C. 116, where the execution plaintiffs recovered judgments, but there was no jury trial, the fees were fixed at $25 and $15, respectively. In the following cases there were divided verdicts, and fees were fixed as stated: Dunn v. Shaw, 11 Dist. R. 129, and Wagner v. Bertholf, 11 Dist. R. 367, $10; Katzen v. Ehrhart, 20 Dist R. 1090, $15; Hoerner v. The Pine Grove Brewing Co., 8 Del. Co. 106, $10.

The new Interpleader Act of June 22, 1931, P. L. 883, incorporates, in section 13 thereof, the above quoted provision of the Act of 1897, and then adds the following provision:

"If upon the trials of said issue the title to said goods and chattels be found in the claimant, a verdict and judgment may be entered against the plaintiffs in the executions or processes for the damages suffered by the claimant by reason of the levies or attachments on same, including the allowance of a counsel fee to be fixed by the court".

Possibly, this provision for allowing a counsel fee to a successful claimant may have been inserted in pursuance of the suggestion, made in Kubiak v. McAleer, 24 Dist. R. 522, that it would be fair and proper for the legislature to establish equality and mutuality between the parties with respect to the matter of counsel fees.

As will be noticed, there is a difference in the language used in the respective clauses herein quoted from section 13 of the Act of 1931. The fee to be allowed to a successful execution plaintiff is to be included in "the costs of said proceeding," whereas the fee to a successful claimant is spoken of as included in "the damages suffered by the claimant." The result of this difference is that the fee to be allowed to a successful execution plaintiff is to be taxed as part of the costs, but that allowed to a successful claimant is to be included in the judgment, although in either case this fee is to be fixed, not by the jury, but by the court in the exercise of the discretion which the statute

commits to it: Babis v. New York Extract Co., Inc., 120 Pa. Superior Ct. 73. But as the word "damages" is frequently used, in a general and comprehensive sense, as including costs or legal expenses which a party has been unjustly compelled to incur, the fact that in one case the fee allowed is called costs, and in the other is called damages, does not necessarily import that in the two cases there is an essential difference in the character of the allowances or that their amounts shall be fixed by different standards.

In the Babis case the appellate court did not make any pronouncement on this point; the action of the court below in approving and adopting an amount, which had been fixed by the jury, was treated as amounting to a fixing by the court in the exercise of its discretion.

The idea that naturally occurs to the reader of section 13 is that it was the legislative thought to place the two parties upon an equality with each other and to have the court apply the same kind of a standard in fixing the amount. Had it been intended that a successful claimant shall be awarded a sum equal to what his attorney would be entitled to recover against him in an action of assumpsit, as a reasonable charge for all services performed, on the basis of what lawyers generally would charge for similar services, one would expect the statute to refer the fixing of the amount to the jury instead of to the court. It does not seem to us that it was the intent of the act to make a difference in the standard for measuring the amount of the allowance between a case where the claimant is to recover, and one in which the execution plaintiff is to recover, such allowance. As to the occasion and need for making it, the parties stand upon an equal footing. The general intent of the act seems to be that in each case the court shall, in the exercise of its discretion, fix what it considers a reasonable allowance, the amount thereof to be governed by principles analogous to those followed in some other cases wherein the court, under the law and practice of Pennsylvania, makes a discretionary allow-

ance of a fee, to be payable by the opposite party, on account of what the successful party's attorney may be entitled to charge him. Therefore, the reported cases in which fees have been fixed under the first of the above clauses, as it stood originally in the Act of 1897 and was afterwards copied into the Act of 1931, are pertinent and may be considered as throwing some light upon what should be done in the present case.

Taking into account the considerations to which we have referred, and regarding the matter in the light thrown upon it by the reported cases above cited, and in view of all the facts and circumstances of the case as disclosed by the record and upon the trial, we exercise the discretion which the statute vests in us by fixing the fee at the sum of $50.

And now, December 30, 1935, the amount of the counsel fee awarded to claimant, plaintiff in the issue, is fixed at the sum of $50, and judgment is directed to be entered upon the verdict, in favor of plaintiff in the issue, for the chattels claimed by him therein, the title thereto having been found and being adjudged to be in him, together with a counsel fee in the sum so fixed by the court, to wit, $50.