RKO Distributing Corporation, Appellant, *v.*
Fretz et al.

Argued March 12, 1936.

Before KELLER, P. J., CUN-
NINGHAM, BALDRIGE, PARKER, JAMES and. RHODES, JJ.

*Frank Fogel,* with him *Hogan & Scott,* for appellant.

*Bernard Martin Goodman,* with him *Floyd B. Mc-Alee,* for appellees.

PER CURIAM, April 16, 1936:

The plaintiff brought this action in assumpsit against Oscar Fretz, E. J. Dech and Fred P. Martin, individually and as co-partners trading as Palmerton Theatre Company, for motion picture films contracted for by Oscar Fretz. The affidavit of defense denied any partnership between the three defendants under the name Palmerton Theatre Company or any other name, and averred that the films had been contracted for by Fretz on behalf of a proposed corporation to be known as Palmerton Theatre Company, which was incorporated on November 17, 1931, seventeen days after the execution of the contract.

At the trial the plaintiff called Dr. Dech as under cross-examination. He testified, inter. alia, that he was the owner of the building, known as the Colonial Theatre; that Fretz had spoken to him about leasing the theatre for moving pictures; that subsequently he agreed with Fretz and Martin to form a corporation, which would lease and operate the theatre; that the name Palmerton Theatre Company was chosen and the company duly incorporated; that he was never in partnership with Fretz and Martin, or either of them, in the operation of the theatre, and never held himself out as their partner. He denied that he had told Fretz

to go ahead and make arrangements for securing the pictures for the theatre. Without further recapitulation of his testimony, it can be said that it effectually disproved any individual liability on his part. The plaintiff, of course, was at liberty to contradict Dech's testimony, if it could, but to the extent that it did not produce witnesses to contradict it or give evidence of circumstances tending to rebut it, (Burke v. Kennedy, 286 Pa. 344, 133 A. 508), it must be taken as true, and plaintiff is bound by it: Dunmore v. Padden, 262 Pa. 436, 105 A. 559; Krewson v. Sawyer, 266 Pa. 284, 287, 109 A. 798; Young v. Hipple, 273 Pa. 439, 450, 117 A. 185; Schade v. Detar, 102 Pa. Superior Ct. 418, 421, 422, 157 A. 21. The testimony of its agent, Palan, that he had spoken to Dr. Dech about buying some films and that the latter had referred him to Mr. Fretz, and said he (Fretz) was the manager and had charge of the buying of all pictures, certainly did not warrant the inference that they were partners, and that Fretz had authority to bind him individually in contracting for them.

When the plaintiff's case was finished the defendants moved for a compulsory non-suit as to Dech and Martin. The plaintiff admitted that Martin was entitled to a non-suit, but argued against the entry of a non-suit as to Dech. The Court entered the non-suit as to both Dech and Martin. Plaintiff's counsel thereupon gathered up his papers and left the court room. Nothing further was done in the case at that time. The jury were apparently discharged without taking any action as to Fretz. Plaintiff's counsel states that he was under the impression, at the trial, that the motion for a non-suit applied to all three defendants; and that it had been entered as to all. Four days later he moved the court to take off the non-suit as to Dech. Nothing else is involved in this appeal.

For the reasons stated above, we are of opinion that

the non-suit as to Dech. was properly entered and that no error was committed in refusing to take it off.

We think it proper to say, however, in order to avoid future misunderstanding in the court below, that as the trial was not proceeded with as respects Fretz, and no verdict was entered for or against him, it was a mistrial as to him, (Fisk v. Henarie, 32 Fed. 427, reversed on another point in 142 U. S. 459; 40 C. J. 1229, note 4 [e]; 2 Bouvier's Law Dictionary, Rawle's 3d Rev. p. 2234); and requires a retrial as respects the claim against him. Since the Act of June 29, 1923, P. L. 981 (No. 401) it was permissible for the plaintiff, after the entry of the non-suit against Dech and Martin, to proceed against Fretz alone, and the case should have been submitted to the jury to find a verdict for or against him. Nothing that plaintiff's counsel did or failed to do prevented this being done, and the discharge of the jury before verdict as to Fretz was a mistrial as to him.

The assignment of error is overruled and the order of the court below refusing to take off judgment of non-suit as to the defendant E. J. Dech is affirmed.