Patterson, Appellant, *v.* Brett et al.

Argued October 30, 1936.

Before KELLER, P. J., CUNNINGHAM, BALD-
RIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

118

*Joseph Atlas,* of *Schembs & Atlas,* for appellant.

*Mortimer B. Rosenberger,* with him *J. Rouse Burns,* for appellee.

OPINION BY KELLER, P. J., January 29, 1937:

On January 14, 1930 Philip W. Brett obtained judgment in an action of trespass against Warren Patterson, to the above number and term, for $1000, and issued a writ of fieri facias. The sheriff levied on certain household goods as the property of the defendant. The goods were claimed by Richard S. Patterson. The sheriff entered a rule for an interpleader issue. The goods were appraised at $2000. No exception was filed to the appraisement. The rule for interpleader was made absolute and interpleader bond for $4000, double the appraised value of the goods, was duly filed by the claimant, who received or retained possession of the goods. The claimant filed his statement of claim in the interpleader issue and the execution creditor, Brett, his affidavit of defense. The case came on for trial on January 2, 1934 before a court and jury. The claimant—the plaintiff in the interpleader—failed in his proofs of title and ownership of the goods. Instead of directing the jury to render a verdict in favor of the execution creditor, Brett, for the value of the goods—unless they exceeded the amount of his judgment, and in that event, for the amount of his judgment and interest—the

court mistakenly directed that the interpleader be dismissed, and the same day, entry was made on the docket, "Interpleader dismissed". Under the Act of June 22, 1931, P. L. 883, sec. 13, the verdict of the jury should have been generally for the plaintiff in the interpleader, if he succeeded in establishing his property claim (*Babis v. New York Extract Co.*, 120 Pa. Superior Ct. 73, 75, 181 A. 846), or for the execution creditor, defendant in the interpleader, for a definite amount, representing the value of the goods,—or the amount due on the judgment, if less than the value of the goods—if the claimant failed to establish his property claim. No other verdict was permissible. The direction of the court was without legal warrant and constituted a mistrial (*RKO Distributing Corp v. Fretz et al.*, 121 Pa. Superior Ct. 605, 608, 184 A. 315), which, as a necessary consequence, required a retrial of the issue.

On April 23, 1934, following a rule to amend the docket entries and a motion for leave to file reasons for a new trial, nunc pro tunc, a new trial was ordered. Appellant took no exception to this order, at the time, but now, following judgment against him on the second trial, assigns the entering of the order as error, on the ground that it was made after the end of the term. As we view the matter, the order dismissing the interpleader without a verdict for either plaintiff or defendant, as above described, was a mistrial, which required a new trial, and the order of April 23, 1934, directing a new trial, merely recognized the necessary consequences of the mistrial. No verdict had been rendered for either party and no judgment entered. The 'term' rule relied on by appellant is not applicable in the circumstances. The first assignment of error is overruled.

(2) At the retrial before another judge, the claimant, the plaintiff in the interpleader, on whom rested the burden of proving his ownership and property in

the goods, offered no evidence. The defendant in the interpleader offered the appraisement, as evidence of the value of the goods. The plaintiff objected because the appraisement was not itemized. The appraisement showed that the appraisers had been refused admittance to the house. As claimant took no exception to the appraisement and subsequently filed his interpleader bond in double the amount of the appraised value, he waived the irregularity in the appraisement, and could not be allowed to question its form or sufficiency on the trial: *Lowry v. Letzelter,* 45 Pa. Superior Ct. 143, 144. The Act of 1931, supra. sec. 8,[1] provides that the appraisement shall be prima facie evidence of the value of the goods, but permits the introduction of evidence on the trial showing the real value to be more or less than the appraised value. The claimant offered no such testimony. The second assignment of error is overruled.

(3) As the plaintiff offered no evidence to sustain his claim of property the defendant in the interpleader, (the execution creditor), was entitled to binding instructions for a verdict in his favor. The court so instructed the jury and properly directed them that as his judgment was less than the appraised value of the goods, which was prima facie their value, the verdict should be for the amount of his judgment and interest. This was in accord with our ruling in *Sookiasian v. Swift,* 100 Pa. Superior Ct. 69, 73.

The third and fourth assignments of error are dismissed. Judgment affirmed.

---

[1] This was a re-enactment of section 8 of the Act of May 26, 1897, P. L. 95.