Barlly, Appellant, *v.* Danzig et al.
Barlly, Appel., *v.* Robinson Finance Corp., to use, et al.

Argued November 12, 1936.

Before
KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Abraham Wernick,* for appellant.

*Joseph J. Cohen,* for appellee (No. 382) *Wecht & Wecht,* for appellee (No. 381).

OPINION BY PARKER, J., February 26, 1937:

Each of these cases is a sheriff's interpleader. Both involve the same questions, were disposed of at the same time in the court below, were argued together in

this court, and will be considered here in one opinion. The appellant, the claimant in each case, complains of the refusal of the court below to take off a nonsuit and of the refusal to permit the claimant to file a second statement of claim and have a trial on the question of title.

As the facts are the same in both cases we will refer to them as though there were only one case. The sheriff having levied on certain chattels, Goldie Barlly claimed the goods, gave a bond and took possession of the goods. A rule for an interpleader was by agreement of counsel made absolute. The case was listed for trial on April 22, 1936, when on request of claimant who was not ready to proceed, the case was continued until May 18, 1936. At that time claimant appeared by counsel and requested another continuance on the ground that there had been a disagreement between claimant and her counsel. The matter was then continued until the afternoon of the same day at which time claimant and her witnesses and the other parties came into court. The record does not show that a jury was sworn and certainly no proofs were offered showing the value of the goods. The trial judge refused, we think properly, to continue the case, but for reasons that will appear later we will not discuss that branch of the case. The judge then entered a nonsuit in both cases and the court en banc subsequently refused to take off the nonsuit.

If there were nothing more in the case than the question of the propriety of the court in refusing the continuance, we would affirm the judgment. It appears, however, that a bond has been substituted for the goods and the sheriff cannot proceed with a sale (*Meyer v. Knight*, 21 Pa. Superior Ct. 1). A jury should have been called and the execution plaintiff should have shown the value of the goods upon which the sheriff had made his levy.

It is provided, as to the trial of the issue, by Act May 26, 1897, P. L. 95, §13 (12 PS 2355), in part as follows: "If, however, said goods and chattels have been taken by the claimant, a verdict and judgment for the value thereof shall be entered against the claimant and in favor of the defendant in the issue." This provision of the sheriff's interpleader act has been considered by this court in a number of cases involving suits on a claimant's bond. In *Com., to use, Doughton v. U. S. Fidelity & Guar. Co.*, 73 Pa. Superior Ct. 266, it was said: "To entitle the use-plaintiff to recover in a suit against a surety in a proceeding such as this, there must be a verdict and a judgment for the value of the goods." In *Com., to use, George v. McPhilips*, 66 Pa. Superior Ct. 223, 229, this court, speaking through the late Judge PORTER, said: "The 13th section provides that, upon the trial of the issue, if the title to the goods is found not to be in the claimant, when he has given bond and taken the goods, a verdict and judgment for the value of the goods shall be entered against the claimant and in favor of the defendant in the issue. It is thus made clear that it was the intention of the legislature that the value of the goods should be determined in the same proceeding in which the bond was filed, and the amount of the liability of the surety in the bond be thus definitely determined."

In the very recent case of *Patterson v. Brett*, 125 Pa. Superior Ct. 117, 189 A. 756, this court, through its President Judge, said: "Under the Act of June 22, 1931, P. L. 883, sec. 13, the verdict of the jury should have been generally for the plaintiff in the interpleader, if he succeeded in establishing his property claim (*Babis v. New York Extract Co.*, 120 Pa. Superior Ct. 73, 75, 181 A. 846), or for the execution creditor, defendant in the interpleader, for a definite amount, representing the value of the goods,—or the amount due on the judgment, if less than the value of the

goods—if the claimant failed to establish his property claim. No other verdict was permissible." Also, see *Gain v. Steinberger*, 36 Pa. Superior Ct. 303; *Lowry v. Letzelter*, 45 Pa. Superior Ct. 143; *Saba v. McElwaine*, 57 Pa. Superior Ct. 369.

In the present case, as we have pointed out, the claimant by giving her bond took the chattels levied upon out of the custody of the law and the sheriff could not proceed with a sale: *Meyer v. Knight*, supra. Since a verdict in the interpleader proceeding was an essential to a suit on the bond, it follows that the interpleader proceedings are incomplete and have accomplished nothing but to take the goods from the sheriff's custody. The nonsuit should be taken off so that the purpose of the sheriff's interpleader may be accomplished. Certainly the appellee cannot complain of such an order. The condition in which the record is found has arisen through fault of counsel rather than of the court below. Under our general power, in disposing of an appeal, to make such an order as justice and right require, the nonsuit will be taken off.

The judgment of the court below in each of these appeals refusing to take off the nonsuit is reversed and the rule granted is made absolute, with a procedendo.