Germ, Appellant, *v.* Price.

Argued March 18, 1954. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ.

*Robert F. Maxwell,* for appellant.

*Leon S. Forman,* with him *Albert L. Bricklin* and *Bennett & Bricklin,* for appellee.

OPINION BY WRIGHT, J., April 15, 1954:

On November 5, 1953, in a trespass action before a magistrate, Ludwig Germ obtained a judgment against Bernard Price. On November 23, Price filed an appeal in the Municipal Court. On December 15, Germ caused the appeal to be stricken from the record because of Price's failure to comply with Rule 9 of the said court. This Rule provides that "An appeal taken from the judgment of a magistrate shall not be perfected unless the party filing same shall, within 21 days thereafter, file proof that he has given notice personally or by registered mail to the adverse party, stating the date of filing and the term and number of the proceeding. If the appeal be not thus perfected, it shall be ipso facto ended and of no effect; in such event, upon order of the appellee, or his attorney, the clerk shall mark the appeal 'stricken from the record' ".

On December 17, Price petitioned for leave to file an affidavit of service nunc pro tunc, and requested the court to reinstate the appeal. His petition contained, inter alia, the following averments: "3. That on the same date, to wit, November 23, 1953, notice of the appeal was sent to the plaintiff by registered mail and said notice was received by the plaintiff's wife on November 24, 1953, one day later. 4. That thereafter your petitioner delayed filing affidavit of notice of appeal pending return of the return receipt from the Post Office Department which was, for some unexplained reason, delayed for a week or ten days". Attached to the petition was a copy of the notice and also a return receipt card signed by "Mrs. L. Germ". An answer was filed by Germ setting forth that "the Plaintiff specifically denies that any notice meeting the requirements of Rule 9 was ever received by him or his wife". The court below granted the prayer of the petition, and Germ has appealed.

There is no bona fide contention in the case at bar that appellant did not actually receive notice of the filing of the appeal. His answer denies receipt of a notice "meeting the requirements of Rule 9". However, he impliedly admits receiving some notice from appellee, as indeed he must in view of the signed return receipt. While he attempts in vague terms to deny the propriety of the notice, he fails to state in what respects it was insufficient, or wherein it differed from the copy attached to appellee's petition. Consequently, we agree with Judge BONNELLY that "this is obviously an evasive and irresponsive answer and should be disregarded, particularly in view of the return receipt card signed by the defendant's wife". See *Pennsylvania Railroad Co. v. Rubin et al.*, 130 Pa. Superior Ct. 578, 198 A. 521. We shall therefore treat the case as one in which notice was given and received, and the only noncompliance with the rule was the failure to file a timely affidavit of service.

Appellant's position is that the lower court abused its discretion because of the express provision of the rule that the appeal "shall be ipso facto ended and of no effect". He relies strongly on the statement of President Judge KELLER in *Babis v. New York Extract Co., Inc. et al.*, 120 Pa. Superior Ct. 73, 181 A. 846, that "We will not interfere with a court's construction of its own rules, unless the interpretation applied is contrary to the clear and unmistakable wording of the rule". In that case we declined to disturb the lower court's refusal to permit oral argument on a motion, although argument had been requested pursuant to a rule of court. President Judge KELLER went on to say that "we will not interfere with the discretion of the Court in the matter, *unless shown to have been so unreasonably exercised as to amount to an abuse of discretion*" (Italics supplied). The latter language correctly sets forth the actual basis for our decision in

the *Babis* case, and states the general rule established by all of the cases.

. In *McFadden v. Pennzoil Co.,* 326 Pa. 277, 191 A. 584, at defendant's direction, the Prothonotary had entered a judgment of non pros because of plaintiff's failure to file a statement of claim within thirty days of the return day of the writ of summons, as required by a rule of the Court of Common Pleas of Venango County. The lower court made absolute a rule to strike off the judgment, and the Supreme Court affirmed. Mr. Justice DREW said: "Moreover, a trial court has a wide power to construe its own rules (Commonwealth v. Morgan, 280 Pa. 67; Mittin Brothers v. Bass, 84 Pa. Superior Ct. 298) to determine whether they are to be rigidly enforced (Smith v. Ellwood City Ice Co., 311 Pa. 147) or even to suspend them (Newman v. Globe Indemnity Co., 275 Pa. 374, 380), when its action does not prejudice the party seeking to invoke them".

In the recent case of *Milton Bank and Safe Deposit Co. v. Beachel,* 174 Pa. Superior Ct. 276, 101 A. 2d 142, we held reasonable a rule of the Court of Common Pleas of Northumberland County requiring that written notice of an appeal from a justice of the peace be given to the opposite party within five days with proof of service to be filed of record, and that the lower court did not abuse its discretion in enforcing the rule by refusing to permit the giving of notice nunc pro tunc. It should be noted that we were there dealing with a failure to give notice, not merely a failure to file an affidavit of service. Moreover, we expressly stated that "whether the Court would have abused its discretion had it permitted the appellant to perfect his appeal nunc pro tunc is not before us".

The identical rule here under consideration was discussed at length in the case of *Porter v. Chapman,* 38 D. & C. 556, decided by the Municipal Court in 1940. The facts in that case were substantially similar

to those in the case at bar and the appeal was reinstated. Judge BLUETT pointed out that the real purpose of the rule was to insure the giving of notice. That such interpretation has remained constant is apparent from the following statement in Judge BONNELLY'S opinion: "Where notice has actually been received and the only noncompliance with the rule has been failure to file a timely affidavit of such service, our court has uniformly reinstated appeals which have been stricken from the record. The purpose of the rule is to secure receipt of notice. Where such notice has been in fact received the plaintiff has been in no way prejudiced by the failure of the defendant-appellant to file the affidavit of service". Such an interpretation by the court below of its own rule is not unreasonable. It is our conclusion that the reinstatement of Price's appeal in the instant case was not an abuse of discretion.

Decree affirmed.