Saturen, Appellant, *v.* Gibraltar Mutual Insurance Company.

Argued March 22, 1960. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ.

*Grace Cohn,* for appellant.

*Robert Schaffer,* for appellee.

OPINION BY RHODES, P. J., April 13, 1960:

This is an appeal from the order of the Municipal Court of Philadelphia making absolute defendant's rule to reinstate its appeal from a judgment of a magistrate originally secured by plaintiff. On November 4, 1959, plaintiff obtained a judgment against defendant before a magistrate in the amount of $99.51 plus costs

of $7.50. Defendant took an appeal from this judgment to the Municipal Court of Philadelphia on November 20, 1959. On December 11, 1959, plaintiff's attorney, on motion, caused the appeal to be stricken from the record on the ground of the alleged failure of defendant to give notice to plaintiff of the appeal in accordance with Rule 9 of the Municipal Court of Philadelphia, which provides: "An appeal taken from the judgment of a magistrate shall not be perfected unless the party filing same shall, within 21 days thereafter, file proof that he has given notice personally or by registered mail to the adverse party, stating the date of filing and the term and number of the proceeding. If the appeal be not thus perfected, it shall be ipso facto ended and of no effect; in such event, upon order of appellee, or his attorney, the clerk shall mark the appeal 'stricken from the record.' "

On December 15, 1959, defendant filed a rule to show cause why its appeal from the magistrate's judgment should not be reinstated. Defendant's petition in support of the rule avers that the magistrate's judgment listed plaintiff's address as "Gertrude Saturen, c/o Grace Cohn, Esquire, 727 Commercial Trust Building"; that defendant filed an appeal on November 20, 1959, in the Municipal Court of Philadelphia, and on November 23, 1959, sent a certified letter giving notice of the appeal to Grace Cohn, Esq., at 727 Commercial Trust Building, Philadelphia, Pennsylvania; that defendant's attorney sent another letter of notice by ordinary mail to Grace Cohn, Esq., on December 1, 1959, which letter was never returned; that defendant's attorney attempted to telephone Grace Cohn several times but she was not available. Defendant further averred that he awaited the return of the receipt before filing an affidavit of service under Rule 9. Plaintiff's answer denied the averments in the petition stating that "plaintiff . . . is without knowledge or information suf-

ficient to form a belief as to the truth or facts of the allegations contained" in the petition.

The court below, after argument, on February 5, 1960, made defendant's rule absolute and reinstated the appeal. On February 9, 1960, by order of the court below, defendant filed an affidavit of service of notice of appeal nunc pro tunc in which it averred that it sent a certified letter addressed to plaintiff's attorney on November 22, 1959, which was returned December 17, 1959, with the notations "unable to contact, notified 11/24/59 D 272" and "unclaimed." Plaintiff appealed.

In making the rule absolute to reinstate defendant's appeal the court below found that, in view of the official notation of the post office, plaintiff's averment in her answer that she was "without knowledge or information" was untenable; that plaintiff's attorney was notified on November 24, 1959, of a certified letter addressed to her, but she did not claim it. The court also found "that in fact the defendant did give notice [of appeal] but that plaintiff's conduct was responsible for the failure to receive the notice . . ."

Plaintiff-appellant has not shown that the action of the court below in allowing the appeal to be reinstated constituted an abuse of discretion. The order will be affirmed.

In *Germ v. Price*, 175 Pa. Superior Ct. 286, 104 A. 2d 166, as here, defendant's appeal from a judgment before a magistrate had been stricken off because of alleged failure of defendant to comply with Rule 9 of the Municipal Court as to notice to the opposite party. Defendant there averred that notice was sent to plaintiff by registered mail and was received by plaintiff's wife one day later, and that the filing of an affidavit of notice of appeal was delayed pending the return receipt from the post office department. Plaintiff's answer there did not deny actual receipt of the notice but

did deny receipt of a notice "meeting the requirements of Rule 9." We treated the *Germ* case as one in which notice was given and received, the only noncompliance being the failure to file a timely affidavit of service. The authorities reviewed in the *Germ* case announce the general rule that we will not interfere with a court's construction of its own rules, unless clearly unreasonable, nor will an appellate court interfere with the discretion of the court in applying its rules unless so unreasonably exercised as to amount to an abuse of discretion.

The purpose of the rule is to insure receipt of notice. Where notice is in fact received by plaintiff, he is not prejudiced by failure of the defendant to file a timely affidavit of service. *Porter v. Chapman*, 38 Pa. D. & C. 556. In the present appeal it is clear that notice was sent, by mail properly addressed, to plaintiff who refused to receive it. Plaintiff cannot set up the failure of defendant to comply with Rule 9 as to notice where such failure was the direct result of plaintiff's own conduct or that of her counsel. Under these circumstances the court below was fully justified in holding that defendant had substantially complied with Rule 9. The action of the court in reinstating defendant's appeal is not shown to amount to an abuse of discretion.

Order is affirmed.